## INTERNATIONAL TEXT-BOOK COMPANY, Appellant, v. YOUNT, Respondent.

St. Louis Court of Appeals, February 18, 1908.

1. **CONTRACTS: Place of Signature: Form of Contract.** Where a contract consisted of four pages and the signature of the parties sought to be charged appeared on the first page, while the other three pages contained ingredients of the contract binding upon both parties, the entire four pages composed the contract.

2. **PRACTICE: Finding of Trial Court: Presumption.** Where a cause was tried in such a manner that it cannot be determined on what theory the trial court rendered judgment for the defendant, while it is to be presumed the court on the entire evidence did not believe ᴜᴉe plaintiff was entitled to recover, yet if on the entire evidence no defense appears nor any inference against the plaintiff's right to recover, the judgment must be reversed.

3. ——————: ——————: **Verdict Contrary to the Evidence.** Where the trial court admitted in evidence the contract sued sued on and refused to declare as a matter of law that under the evidence the plaintiff was not entitled to recover, the plaintiff was entitled to have the contract considered by the trial court as part of the evidence; and, when being so considered with all the other facts in the case, no inference from it could be drawn on which a verdict could be given for the defendant, the judgment for the defendant will be reversed.

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby*, Judge.

REVERSED AND REMANDED.

*Charles E. Rendlen* and *David C. Harrington* for appellant.

This suit being upon an instrument in writing, filed with the justice at the commencement of the action, and attached to the statement of account, as an exhibit and a part thereof, and being signed and executed by respondent only, stood confessed, not being denied under oath, and plaintiff was entitled to judgment thereon. Brown Mfg. Co. v. Gilpin, 120 Mo. App. 130; R. S. 1899, sec. 3967. Where defendant introduces no evidence, that in plaintiff's behalf and all reasonable inference to be drawn therefrom must be accepted as established fact. Doner v. Ingram, 119 Mo. App. 159.

*Eugene W. Nelson* for respondent.

(1) As appellant only sets out a part of the contract in its abstract, and here it has been given in its entirety, the contract shows on the last page omitted in plaintiff's abstract to have been signed by the agent of plaintiff, C. J. Armstrong, solicitor Collector J. Ingham, and assistant superintendent A. B. Welkman, with other hieroglyphics that only one skilled in such delusions could decipher. It is not a contract that comes within the purview of section 3967.     State v. Wilcox,

59 Mo. 176. (2) There is no doubt that a party may become bound in an instrument by signing it in any part when he signs with that intention. B. & L. Assn. v. Abert, 169 Mo. 518. (3) There was no error in the finding and judgment of the court. A court sitting as a jury when no declarations of law are asked or given will be affirmed on appeal if it can be done on any theory applicable under the proof. Bank v. Wickham, 23 Mo. App. 663; Miller v. Breneke, 83 Mo. 163; Tombs v. Bayr, 65 Mo. App. 32; Wheeler v. McDonald, 77 Mo. 277.

GOODE, J.—This action was begun before a justice of the peace to recover a balance alleged to be due on a contract. Plaintiff is an incorporated company with its chief office at Scranton, Pennsylvania. It is the proprietor of the International Correspondence Schools and furnishes instruction by correspondence in a large number of courses. Defendant applied to it on March 21, 1903, for a course in mechanical drawing and mathematics, agreeing to pay therefor $84, less twenty per cent; five dollars to be paid at the time of signing the contract and five dollars every month thereafter until the price was paid in full. This charge covered instruction in the courses of study selected by defendant until he was qualified to receive a diploma, postage on instruction papers, examination questions, drawing plates and corrected work. The contract consisted of four pages of printed matter and was filled with a mass of details and particulars, including sundry directions as to the numerous scholarships and courses of study furnished by plaintiff in its international correspondence schools. It is out of the question to give place in our opinion to this elaborate document with its many clauses and paragraphs, most of which were directions to persons taking scholarships about their duties and courses, and statements of what books and other material the

company would furnish. The contract was filed with plaintiff's complaint before the justice of the peace, where the case was tried and afterwards appealed to the circuit court and again tried before the court without a jury and a verdict found for defendant. Yount paid installments on the price of his scholarship amounting to $17.50 and then wrote the following letter:

"Hannibal, Mo., 14, 4, 05.

"International Cors. School.

"Gents: As I have got in the rear on my payments on account of sickness of my family, I don't see how I can make any payments in the near future and will say I have never given the study one minute's time. I have paid in $17.50 and will pay your agent $2.50 more and deliver to him the outfit as I am unable to make further payments. I will make the School a present of that.                    Respt.

"(Signed.)        .        .    L. Q. YOUNT."

Plaintiff refused to release Yount on the payment of $2.50 more, and as he made no more payments, this action was instituted to recover the balance due, alleged to be $49.70. Much of the evidence consisted of depositions of plaintiff's officials and documents, including the contract, the charter of the company and other written and printed matter. Yount's subscription for a scholarship was taken by an agent of plaintiff by the name of Ingham, and this agent's signature appears on the fourth page of the contract as does also the name of C. J. Armstrong, who appears to be another agent of the plaintiff company. The contract was stamped "O. K." on the last page by one Macnell. But who Macnell is does not appear. On the back of the contract appears the name of A. B. Welkman, designated as Assistant Superintendent. The proof is that on receipt of the contract by the home office of the company in Scranton, Yount was enrolled for a scholarship in the Mechanical

Drawing and Mathematical Course, at the net price of $67.20. Shortly after receipt of the application or contract signed by Yount, the company sent him instruction papers and drawing plates. Yount returned no work for correction as he was expected to do and was written to by the company in regard to this fact, but made no reply. It seems the real name of the defendant is D. L. Yount, instead of L. Q. Yount; the name by which he was sued and which appears in all the documents and correspondence in the case. This mistake arose from the initials in Yount's signature to the contract being so formed as to resemble L. Q. The mistake in his initials is alluded to in the bill of exceptions, but we do not see that any point was made about it at the trial, or wherein it is material. The evidence introduced by plaintiff showed the acceptance of Yount's contract or application by the company, the furnishing of the papers agreed to be furnished, the amount paid by Yount and the balance due. At the conclusion of the testimony for plaintiff, defendant's counsel interposed a demurrer to the evidence, or rather a declaration of law asking the court to declare that under the law and the evidence the verdict should be given for the defendant. This declaration the court refused and the defendant rested without putting in any evidence. The court took the case under advisement and afterwards found the issues for defendant, entered judgment accordingly and plaintiff appealed.

This case has been presented to us in such a manner that we have been unable to ascertain the theory on which the court gave judgment for defendant. Stress appears to be laid in the briefs for defendant on the supposed failure of plaintiff to identify the contract on which the suit was brought. What occurred in this regard, as shown by the bill of exceptions, is that when the contract originally filed before the justice of the peace was offered in evidence, it was objected to by

defendant's counsel as being insufficient, not admissible under the pleadings and for the further reason that it was not sufficiently identified. The court inquired what counsel meant by "not sufficiently identified" and counsel answered it was not shown to be the contract of the defendant. Thereupon the court sustained the objection and plaintiff excepted and asked leave to present an authority. The court then said he would overrule the objection pending the presentation of the authority, and to this ruling the defendant excepted. Plaintiff's counsel read the contract in evidence, and, so far as appears from the bill of exceptions, it was not excluded afterwards or the original ruling admitting it in evidence changed. Attached to the deposition of one of the officers of plaintiff company was what purported to be a copy of the contract and was identified as a copy by the officer giving the deposition, Harry S. Robinson, Chief of the Correspondence Department of the company. Counsel objected to this document for the reason that it had not been properly identified or the signature of the defendant identified, which objections were overruled by the court. The contract introduced in connection with the deposition, consisted only of the first of the four pages of the printed form signed by Yount. Yount's signature appears on the first page, and it is the contention of plaintiff's counsel that the entire contract is contained on the first page, and the three remaining pages are only directions and information to students, and other matters not constituting part of the contract. We do not accept this view, for the other pages contain ingredients of the contract; promises by the company to furnish or lend certain books, charts, etc., with the different courses of study, and also this question with Yount's answer written in the blank space after the question: "Do you wish to start your course with the regular papers? Yes." Other clauses are contained in the three pages after the first one, which are

binding on both the company and the student, and we have no doubt the contract as a whole was composed of clauses and paragraphs contained on the four pages of the printed form. The case was instituted before a justice of the peace, no answer was filed and no declarations of law were asked in the circuit court; hence the great difficulty of understanding the theory on which it was decided. Defendant's counsel insists the judgment should be affirmed for this reason: It is to be presumed the court, sitting as a jury, found the issues for defendant because, on the entire evidence, the court did not believe plaintiff was entitled to recover. But if on the entire evidence no defense appears, nor any inference against plaintiff's right to recover the balance due on the contract, the judgment must be reversed. The undisputed evidence shows plaintiff accepted Yount's application for a scholarship and supplied him with such material as the company was required by the terms of the contract to furnish. This material he retained and entered on the execution of the contract by making payments from time to time; for he had paid $17.50 when he requested to be released from further payments, assigning, as the reason for his request, inability to make further payments on account of illness in his family. One perplexity about the case is the refusal of the court to give a declaration of law to the effect that plaintiff was not entitled to recover. This ruling indicates the court believed a prima-facie case was made, but drew from the evidence some inference of fact against the prima-facie case and on such inference determined the issues in favor of defendant. The refusal to give said declaration of law is incompatible with the view that the court believed the contract had not been sufficiently identified to be admitted in evidence. It could not properly be admitted until some evidence was adduced tending to prove it had been executed by Yount. [Lewin v. Dille, 17 Mo. 64; Grady v.

Insurance Co., 60 Mo. 116.] After such prima-facie evidence had, in the opinion of the court, been offered and the contract admitted, if its execution by defendant was disputed, it then became a question for the court, as trier of the fact, to determine whether he had executed it. [Grady v. Insurance Co., 60 Mo. supra.] If the court deemed the evidence of its execution by defendant insufficient to let it in as proof, its temporary admission pending the citation of an authority by plaintiff's counsel, should have been changed by excluding it from the evidence; or, if this was not done, a declaration of law in the nature of a demurrer to the evidence was proper, if the court concluded no prima-facie proof of its execution was shown. We concede defendant's proposition that the single page attached to the deposition of Robinson and identified by him as the contract, was not a copy of the full instrument signed by defendant and sued on, and hence Robinson's testimony failed to identify the contract in suit. Possibly the testimony of J. H. Ellis, an employee of the plaintiff company at Hannibal, was sufficient to render the instrument sued on admissible. Ellis swore, in effect, he took the name attached to the instrument in suit to be Yount's signature, but would not swear it was his signature. He also swore he called on Yount several times about the contract and asked him the amount due; that Yount said he had received the books and papers sent by the company when it received the contract, but would not pay the balance due. This, at best, is weak proof; but the admission of the instrument left the record in this shape; the trial court admitted in evidence the full contract declared on; subsequently refused to declare as a matter of law that plaintiff under the law and the evidence was not entitled to recover and after reserving the case for consideration, found a verdict for defendant. On no theory which has occurred to us was this verdict justified, unless the court held that in law plaintiff had adduced sufficient proof

of the execution of the contract by Yount to render it admissible as evidence, but found, as trier of the fact, that Yount did not execute it. But this conclusion is so contrary to all the facts in evidence as to be unwarranted. The only question possible is purely technical; not whether Yount signed the contract, but whether plaintiff made prima-facie proof of his signature, so as to let the instrument in as evidence. In view of Yount's letter and his talk with Ellis, a finding against the execution of the contract would have been so opposed to the testimony that it is unreasonable to conclude the court, sitting as a jury, so found; and indeed such a finding is not asserted by defendant's counsel. The court may have concluded, after refusing a demurrer to the evidence and before finding a verdict, that prima-facie proof of defendant's signature had not been made and that the admission of the contract was erroneous. Inasmuch as it had been received in evidence, and the court had refused to declare adversely to plaintiff's case as a matter of law, thereby affording an opportunity for a nonsuit and another action, a verdict against plaintiff on the theory that the execution of the contract was not sufficiently proved to make it admissible in evidence, thus cutting plaintiff off from a nonsuit, is claimed by counsel to have operated as a harmful surprise. Defendant's counsel say the court had openly excluded the instrument; but while the court ruled at first against its admission, it was admitted and not afterwards excluded; and that it was in evidence was implied in the court's refusal to declare plaintiff could not recover. As the contract had been admitted and a demurrer to the whole evidence refused, plaintiff was entitled to have the contract considered by the trier of the facts as one of the facts; that is, as part of the evidence; and it and all the other facts being taken into consideration, we can perceive no inference from them on which a verdict could be given for the defendant.

The judgment is reversed and the cause remanded. All concur.