INTERNATIONAL TEXT-BOOK COMPANY, Appellant, v. L. Q. YOUNT, Respondent.

St. Louis Court of Appeals, June 14, 1910.

1. INSTRUCTION: Refusal: Issues Not Before the Court. In an action on a contract, it was not error to refuse an instruction declaring the fact that plaintiff was a foreign corporation had no effect on the validity of the contract, where no defense was interposed that plaintiff had not complied with the Missouri Corporation Laws and where the decision of the court was rested on a finding that the contract was not executed by defendant.

2. **APPELLATE PRACTICE:** Conclusiveness of Finding Based on Conflicting Evidence. A judgment on findings based upon conflicting evidence will not be disturbed on appeal.

Appeal from Hannibal Common Pleas Court.—*Hon David H. Eby*, Judge.

AFFIRMED.

*Charles E. Rendlen* and *David C. Harrington* for appellant.

*E. W. Nelson* for respondent.

GOODE, J.—This case, which is for a small balance said to be owing on a contract for tuition, was here on a former appeal and as a full statement of the facts according to the record then submitted will be found in the report of the decision, it is unnecessary to restate them. [129 Mo. App. 247.]

The testimony in the present record is somewhat different. Defendant was sworn as a witness by plaintiff and testified he signed neither the contract declared on nor the letter put in evidence and bearing his name, wherein was assigned as the reason why he had not promptly paid the installments alleged to have fallen due on the contract, that he had been put to expense by illness in his family. On the contrary there was evidence he did sign the contract in suit. The trial was before the court without a jury, and the bill of exceptions shows clearly the court found the contract had not been executed by defendant and for that reason gave judgment against plaintiff. The complaint here is on the refusal of declarations of law requested by plaintiff; principally of the court's refusal to declare the fact that plaintiff was a corporation organized and doing business under the laws of the State of Pennsylvania had no effect on the validity of the contract offered in evidence. It is argued said contract was made in Penn-

sylvania because it was in the form of a proposal by defendant which was accepted by plaintiff in said state. Suffice to say on this point we find nothing in the bill of exceptions going to show the defense was interposed that plaintiff was a foreign corporation which had not complied with the Missouri laws, or that the court gave any consideration to such a defense. The declaration was not relevant to an issue before the court; and as it is apparent the decision was rested on non-execution of the contract by defendant, the refusal of said declaration ought not to be treated as cause to reverse the judgment. The same reasoning applies to the other declarations the court refused. Besides being inaccurately drawn, they proceeded on the theory that the contract in suit was executed by defendant; an issue the court determined the other way. As the evidence was contradictory on the issue, the weight of it was for the court as trier of the fact, and the judgment will be affirmed. All concur.