Lewin *v.* Dille et al.

LEWIN, Respondent, *vs.* DILLE & AVERY, Appellants.

1. Where a suit is commenced by attaching the defendant's property, the plaintiff may take depositions before summons served or publication completed.
2. The statement of the officer taking depositions, in the caption, that the taking of them was postponed from the day fixed in the notice until the following day, "by consent of parties," is evidence of such consent.
3. A change of venue is properly refused, unless the party applying for it has complied with the requisitions of the statute.
4. A copy of a paper is not admissible in evidence, when the original is not accounted for and no notice has been given to produce it.
5. It is no error for a court to hold a special term in one county, on a day fixed by law for the holding of court in another county in the same circuit. The statute which says that no special term shall interfere with any other court to be held by the same judge (R. C. 1845, chap. 45, sec. 54,) is merely directory.
6. Where one party introduces the books of the opposite party in evidence for one purpose, the latter may afterwards use them in evidence for a different purpose in the same suit.
7. A written contract cannot be read in evidence until its execution is proved.
8. Where an agent disobeys the instructions of his principal, the latter, in a suit between them, will not be held to have ratified his acts because of a failure to notify him of his dissent.

### *Appeal from Madison Circuit Court.*

This was an action of assumpsit on the common counts, begun in 1848. The defendants were owners of the Buckeye Copper Mine, in Madison county, and Ebenezer G. Pomeroy was their agent to superintend and manage the same. As such agent, he kept a running account with the plaintiff, who was a merchant. This suit was for a balance due on account, and

also for the expenses and salary of plaintiff for a trip to England, under a contract with Pomeroy to sell ore for defendants.

The defendants being non-residents, an attachment issued and was levied on their land. At the return term, the defendants not appearing, an order of publication was made. Before the publication was completed, the depositions of William W. Fleming and Theophilus Merry were taken by the plaintiff under a commission, pursuant to notice posted up in the clerk's office. A motion to suppress these depositions was overruled. A motion to suppress the deposition of George M. Davidson, taken on behalf of the plaintiff, was also overruled. The 19th of the month was the day fixed by the notice for taking this deposition. The justice who took it stated in the caption that it was taken on the 20th, to which day it was postponed "by consent of parties." Motions were subsequently filed to strike out parts of these depositions, which were also overruled.

On the first day of the March term, 1852, N. W. Watkins, counsel for defendants, presented an application for a change of venue, in support of which, he presented his own affidavit, stating that some ten or twelve days previously, he had received a letter from one of the defendants, inclosing a petition for a change of venue, verified by affidavit, which had been accidentally destroyed in his possession, except the certificate to the official character of the officer in Ohio, before whom the affidavit was made, which he (Watkins) annexed to his affidavit as an exhibit; that in the said petition the defendant set forth two of the grounds specified in the statute for a change of venue; that upon the receipt of said petition, he (Watkins) had written to his associate counsel to notify the plaintiff of their intention to apply for a change of venue, but that he had learned that his letter was not received; and that he (Watkins) had notified the opposite party, in open court, on the first day of the term. This application was overruled.

On the trial, the plaintiff offered in evidence the contract between Pomeroy and himself about the trip to England, which, it appears from the record, was admitted without any prelimi-

Lewin *v.* Dille et al.

nary proof of its execution by Pomeroy. The defendants introduced the books of the plaintiff in evidence, to show that the accounts were kept against Pomeroy and not against them. The plaintiff, in rebuttal, was then allowed to read from his books the whole account in evidence, to which defendants excepted. The defendants also offered a paper purporting to be a copy of the instructions from Pomeroy to plaintiff, on his departure for England, first proving the same to be in Pomeroy's handwriting. There being no further proof offered touching the paper, it was excluded by the court, to which an exception was taken.

During the trial of the cause, on the fourth day of the term, the term being about to expire, the court ordered a special term to be held on the next day, which was the day fixed by law for the holding of court in Bollinger county, in the same circuit. To this, the defendants excepted. On the next day, the trial was concluded and there was a verdict for the plaintiff. Several instructions were given and refused, the only one of which that is deemed material is set out in the opinion of the court.

*John W. Noell,* for appellants. 1. The application for a change of venue ought to have been granted. The notice was reasonable under the circumstances. The proof of the loss of the original petition and of its contents, placed the defendants on the same footing as if it had been produced. 6 Mo. Rep. 267. R. C. 1845, chap. 182, secs. 1, 2. 2. The deposition of Davidson should have been suppressed. A verbal consent before the officer would not authorize the taking of depositions on a day without a notice, even if his statement were evidence of such consent, which is denied. 3. The depositions of Fleming and Merry, taken in Camden, New Jersey, under a notice set up in the clerk's office in Madison county, Missouri, before the defendants had any actual or constructive notice of the commencement of the action, ought to have been suppressed. The order of publication did not require them to appear or take any steps in their defence until the March term, 1849. The plaintiff did not file his bill of particulars until March

term, 1849, and until then the subject matter of the suit was not properly before the court, and there was not only no issue, but no fact to which the evidence could relate.  R. C. 1845, tit. Depositions.  Greenl. Ev. vol. 1, p. 120.  4. The verdict is void, for the reason that the Circuit Court could not legally hold a special term on the day fixed by law for the holding of the regular term in Bollinger county.  R. C. 1845, chap. 45, sec. 54.  It is submitted that the construction given to the statute of 1825, in the case of *Samuels* v. *State*, is erroneous, and, besides, the statute of 1845 is materially different.  5. The court erred in admitting the paper purporting to be a contract between plaintiff and Pomeroy, without proof of its execution.  Even if proved, it was no evidence of defendant's liability, but the contrary.  6. The instructions of Pomeroy to Lewin should have been admitted.  The fact that it was in Pomeroy's handwriting and in possession of defendants' counsel, stamped it as authentic.  7. The court erred in permitting plaintiff to give in evidence the entries on his own books.  They were introduced by defendants to prove an isolated fact, and the plaintiff could only use them as evidence on that point.  8. The sixth instruction given for plaintiff is erroneous.  *Amory* v. *Hamilton*, 17 Mass. Rep.

*M. Frissell*, for respondent.  1. The application for a change of venue was properly overruled.  2. The deposition of Davidson was properly admitted.  The justice states that the taking was postponed by consent, and if there was no consent, it could easily have been shown.  3. The depositions of Fleming and Merry were properly admitted.  The suit was clearly *pending* within the meaning of the statute, and notice was given in the manner prescribed by law, when defendants are non-residents.  *Swift* v. *Crocker*, 21 Pick.  *Boughton* v. *Bruce*, 20 Wend. 234.  *Gardner* v. *Webber*, 17 Pick. 407.  4. As to the power of the Circuit Court to hold the special term when it did, see *Samuels* v. *State*, 3 Mo. Rep. 68.  The statute of 1845 is identical in substance with that of 1825.  5. As to the contract between Pomeroy and Lewin, it

is a fair inference, from the bill of exceptions, that the hand-writing was either proved or admitted. At all events, the reading of it was not excepted to. 6. The instructions from Pomeroy to Lewin were not proved, and of course were proper-ly excluded. 7. The defendants first offered the books of plaintiff in evidence for one purpose, and they cannot complain if plaintiff used them for other purposes. 8. The instructions given presented the law applicable to the facts fully and fairly before the jury.

RYLAND, Judge, delivered the opinion of the court.

This was an action of assumpsit, brought by the plaintiff against the defendants, on the common counts only. There was testimony showing a long continued course of dealing, and running accounts, between the plaintiff and these defendants. The plaintiff was a merchant, and the defendants were the owners of the Buckeye Copper Mines in Madison county. One Pomeroy was the manager and superintending agent of the business of the mines for the defendants. These accounts were made by him with the plaintiff, and were reduced by pay-ments from time to time, leaving a balance due to the plaintiff, being part of the demand sued for in this case. Many points were raised in the court below, and the record contains several bills of exceptions. Some of these points it will be necessary to notice, while others are considered of no importance.

1. There is nothing calling for the correction of this court on the point in relation to the taking of depositions, before the parties were served with the summons and before issue. The defendants were non-residents; an attachment had issued and their lands were attached, and an order of publication made against them. The suit was *pending ;* and by our stat-ute concerning depositions, section 1st, " any party to a suit pending in any court of record in this state, may obtain the deposition of a witness, to be used in such suit conditionally."

2. The objection that the justice of the peace, before whom

the deposition was taken, could not certify that the taking was postponed from the 19th to the 20th of the month, by consent of parties, is not well taken. This was a matter before him at the time, and he is as competent to place this on the face of the deposition as he is to say that the defendant (or plaintiff, as the case may be,) was present by his attorney or his agent, and thereby conclude him as to notice.

3. The change of venue was not properly applied for; no sufficient steps were before the court, authorizing an order for the change to be made, and it was properly refused. We also pass by, as unimportant, the motions about suppressing depositions or to reject parts of depositions.

4. Nor is there any error in refusing to permit the defendants to read the paper purporting to be a copy of the instructions given by Pomeroy, the agent, to Lewin, the plaintiff, in regard to the sale of the ores in England. The paper would have been proper evidence, if a ground had been made for its admission; it appeared to be a copy; the original was not accounted for, no notice to produce it. There is nothing showing that this paper was in the possession of defendants' counsel. True, it was proved to be in the handwriting of Pomeroy, but that does not show that Lewin ever saw it. Had the defendants made a proper foundation for the admission of this paper to the jury, the refusal then would have been error.

5. There was no error in the ruling of the court upon the matter of adjourning over to a day on which court was to begin at a different county. This point was decided in the case of *Samuels* v. *State*, 3 Mo. Rep. 68, and we consider this part of the statute merely directory.

6. There was no error in the point made concerning the plaintiff's reading entries from his own books; these had been offered in evidence by the defendants themselves. They used these books to prove a fact on their behalf; then having showed their confidence in these books, they having introduced them for one purpose, the books were properly admitted afterwards for another against them.

7. There was error in the court below in permitting the plaintiff to read, as evidence, the paper purporting to be the contract between Lewin and Pomeroy. This the defendants objected to, but the court overruled the objection, and it was read, no proof of its execution or of Pomeroy's handwriting being offered.

8. There was error also in giving the sixth instruction for the plaintiff, which is as follows : " If the jury believe from the evidence that Lewin had instructions to sell the ores at Swanzea, and that he sold them at Liverpool, and that after a knowledge of that fact came to the defendants, they failed to give notice to Lewin of their dissent and disapprobation, but permitted the proceeds to be applied to their benefit, then they are responsible on that account, and the jury ought to find for the plaintiff as to these items ; and if the jury believe that Lewin credited the proceeds of said sale on account which defendants owed to plaintiff, by their direction or consent, then they received the benefit thereof." This instruction does not contain the law, nor does it truly set it forth to the jury. If Lewin had instructions to sell the ores at Swanzea, in Wales, and he sold them at Liverpool, and that the defendants, after receiving knowledge of this fact, failed to give notice of their dissent and disapprobation to Lewin, but permitted the proceeds to be applied to their benefit, then they are responsible on that account, is surely a new doctrine in the law of principal and agent. The factor must follow the instructions of his principal, and his principal is never bound to notify him, that he disapproves his breach of instructions. He must look to his instructions for the safety of himself. If he goes beyond them, and sells in a market not allowed or permitted by the instructions, though the sale may be good as between the purchaser and agent and principal, yet the agent is responsible to his principal for all loss or damages which his principal has sustained by such breach and violation of instructions.

The record is exceedingly voluminous, and encumbered with many bills of exceptions scattered all through it, containing

many unimportant points. There may have been some which escaped my observation, that would require our attention. However, the case must be sent back for the errors noticed in this opinion; and the clerk of the court below is required, in making out his transcripts, to have the record fairly copied; not to put in whole sheets by wafers, and to have an index to his record. Let him see that attention is paid to these matters in future.

The judgment of the court below is reversed, and the cause remanded, the other Judges concurring.