The MOSES P. JOHNSON MACHINERY COMPANY, Respondent, v. HOWARD WATSON, Garnishee of Melvin Green *et al.*, Appellant.

St. Louis Court of Appeals, April 17, 1894.

1. **Garnishment**: PROTECTION AFFORDED TO GARNISHEE BY JUDGMENT. Jurisdiction against the defendant in an attachment suit is essential to jurisdiction over a garnishee summoned under the writ of attachment; and the garnishee must see to it, at his peril, that such jurisdiction exists before complying with a judgment against himself.

2. ———: ———: EFFECT OF ACTUAL NOTICE TO DEFENDANT. Nor will a judgment against a garnishee, rendered without such jurisdiction, obtain efficacy or afford him protection by reason of his having notified the defendant of the garnishment proceedings.

3. ———: ———: SUIT AGAINST PARTNERSHIP IN ITS FIRM NAME. A suit cannot be maintained against a partnership in its firm name in the absence of actual service on, or an appearance by, the individual members of it. Accordingly, when a suit by attachment is thus instituted, service by publication, directed to the partnership in its firm name, will not confer jurisdiction over its members so as to warrant a judgment against funds in the hands of a garnishee.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed.

*O. J. Mudd* for appellant.

(1) The seizure by the constable, under the writ of attachment, of the credits in the hands of Howard Watson gave the court jurisdiction to dispose of these credits, and its judgment was impregnable to collateral attack. The jurisdiction of the court in attachment depends upon the seizure of property, and no errors or omissions afterwards can invalidate the judgment. *Paine v. Moorehead*, 15 Ohio, 435, 443-445; *Cooper v. Reynolds*, 10 Wall. 308, 315-320; *Hardin v. Lee*, 51 Mo. 241; *Freeman v. Thompson*, 53 Mo. 183, 193; *Needham v. Wilson*, 48 Fed. Rep. 97; *Simmons v. Railroad*, 19 Mo. App. 543. The attachments of the credits in the garnishee's hands served the same purpose, for the purposes of the jurisdiction to the court, as the manual seizure of chattels. *Fletcher v. Wear*, 81 Mo. 524, 530; (2) Having paid the money, under the Luking judgment, that payment was a defense to the garnishment in this case. 2 Wade on Attachment, page 103, sec. 382. (3) The garnishee notified the debtor of the Luking garnishment, and warned him to make a defense. Having failed to defend, because he owed the debt claimed by the attaching creditor, he is estopped from compelling payment by the garnishee, who had already been compelled to pay his debt. The second attaching creditor can secure no better position. 8 Am. and Eng. Encyclopedia of Law, p. 1149, 1202; Brown on Jurisdiction, sec. 149; *Firebaugh v. Stone*, 36 Mo. 111, 115.

*Mills & Flitcraft* for respondent.

To sustain a judgment by attachment, the writ must be directed against the real defendant. The garnishee has no power to waive a right which does not relate to himself. The right of the owner can not be destroyed by the garnishee. It is the duty of the garnishee to raise all such issues for his own protection. *Conner v. Pope*, 18 Mo. App. 86; *Gates v. Tusten*, 89 Mo. 22. If the garnishee had been sued by Magnolia Lumber Company, a corporation, it would have been his duty to set up the fact that the Magnolia Lumber Company, with which he had dealt, was a copartnership composed of Melvin Green and John Green, and that would have been a complete defense. *Firebaugh v. Stone*, 36 Mo. 111. Where the principal debtor is not before the court, the garnishee must, for his own protection, inquire whether the court has jurisdiction. 8 Am. and Eng. Encyclopedia of Law, p. 1150, note 2.

BIGGS, J.—The appellant admitted an indebtedness of $153.44, but he defended on the ground that the fund in his hands had been previously garnished or impounded in an attachment suit, in which one John F. Luking was plaintiff, and the Magnolia Lumber Company was named as the defendant. The circuit court held the defense to be insufficient, and rendered judgment against the appellant.

There seems to be no dispute about the facts. The defendants, Melvin and John Green, are engaged in business in the state of Arkansas under the firm name of "The Magnolia Lumber Company." On the fourth day of June, 1891, Luking instituted an attachment suit against the Magnolia Lumber Company before a justice of the peace in the city of St. Louis. The appellant was summoned therein as garnishee on the

same day. He filed his answer on the nineteenth, in which he admitted that he owed the Magnolia Lumber Company the above amount. There was an order of publication against the Magnolia Lumber Company, and, on July 15, a final judgment sustaining the attachment was rendered, and on the same day the justice ordered the appellant to pay the money to the constable, which he did. It was admitted that, when the appellant was garnished, he immediately notified the defendants by letter that Luking had instituted the suit against the Magnolia Lumber Company, and that he had been summoned as garnishee, and that the defendants paid no attention to the suit. While the Luking suit was still pending, the present action by attachment was instituted and notice of garnishment was served on the appellant. He interposed as a defense the previous garnishment.

Under the disputed facts the judgment of the circuit court, we think, was right. For his own protection the appellant was bound to see to it that the court in the *Luking case* had acquired jurisdiction of his creditor; for otherwise the court had acquired no jurisdiction of him. Mr. Drake in his work on the law of attachments, thus states the principle: "It follows, hence, that a garnishee must, for his own protection, inquire, first, whether the court has jurisdiction of the defendant, and, next, whether it has jurisdiction of himself. If the jurisdiction exists as to both, he has no concern as to the eventual protection which the judgment of the court will afford him; it will be complete." Drake on Attachments, section 695.

Applying the same principle, this court in the case of *Simmons v. Railroad*, 19 Mo. App. 542, said: "A judgment against the defendant in an attachment proceeding, which is void for want of jurisdiction, will not

sustain a judgment against the garnishee, such as will protect him against a subsequent action for the money brought by the defendant in the attachment. The garnishee, therefore, has the right to complain of a judgment against him rendered in a proceeding by attachment wherein the court had no jurisdiction, and to seek its reversal, although he may stand indifferent between the parties.''

The remarks of the supreme court in the case of *Fletcher v. Wear*, 81 Mo. 524, concerning the nature of garnishments throws the principle into a stronger light. The court said: ''The notice, or declaration of sequestration to the garnishee, takes the place of a manual seizure, which is impossible on account of the inaccessibility of the chattels, and the intangibility of the credits. It is this constructive seizure, which brings the *res* within the jurisdiction of the court, and thereby enables it to make binding orders in relation to it, which shall be obligatory on the owner of it, and furnish a protection to the possessor or custodian of it, as against the claim of the owner for it. Such property or credits do not belong to the garnishee. He is a mere possessor or custodian thereof for the owner, and on that account he is unable to confer upon the court any authority to dispose of them. That authority must come either from the owner's consent or from the process provided by law, which enables the court to dispose of his property and credits without his consent. The garnishee can not supply or waive the declaration of attachment, which constitutes the equitable sequestration of the property and credits of the attachment debtor.''

Making application of the law to the conceded facts, it is very evident that the judgment against the appellant as garnishee in the Luking case was a nullity, for the reason that the justice rendering the judgment

did not, as against the owners, acquire the right to dispose of the fund. In the absence of a statute authorizing it, a firm can only be sued in the individual names of its members. This rule rests on the principle that a firm has no legal existence apart from its members. It is a mere ideal entity. *Moore v. Burns*, 60 Ala. 269; *Halliday v. Doggett*, 6 Pick. 359; *Cushing v. Marston*, 12 Cush. 431; *Mexican Mill Co. v. Yellow Jacket Mining Co.*, 4 Nev. 40; *Rohrbough v. Reed Bros.*, 57 Mo. 292; *Fowler & Wild v. Williams*, 62 Mo. 403; *House v. Duncan*, 50 Mo. 453; *Beattie v. Hill*, 60 Mo. 72; *Conrades v. Spink*, 38 Mo. App. 309.

Now, if there had been personal service on the members of the firm in the *Luking case*, the case of *Fowler & Wild v. Williams, supra*, might afford some authority for the contention of the respondent. There the plaintiffs sued in their firm name. The defendants appeared and contested the action, but made no objection to the manner in which it had been instituted. The objection having been made for the first time by motion in arrest, it was held that the error was cured by verdict. But the court there expressed a doubt whether the judgment *against* a firm without mention of the names of the individual members in the petition could be sustained under any circumstances. The reasons for the doubt were not given; and it is difficult to understand the grounds for the distinction, for it would seem that the same principle under like circumstances ought to apply in both cases.

The notice which the appellant gave to the Greens of the pendency of the *Luking case* can in no wise validate the proceedings. The justice at no time acquired jurisdiction of the members of the firm, and the fact that they had acquired knowledge of the pendency of, the suit could cut no figure. The right of the justice to condemn the debt without the consent of its owners

depended upon the service on them of proper process in some one of the ways provided by law.

The judgment of the circuit court will be affirmed.