W. E. RUCKMAN, Appellant, v. R. C. STONE
MILLING CO., Respondent.

**Springfield Court of Appeals, December 6, 1909.**

1. **CONTRACTS: Evidence: Signature Must Be Proven, When.**
   In a suit for damages for breach of a contract of employment
   signed by plaintiff and defendant, the authority of defendant's
   superintendent to sign the contract on behalf of defendant was
   shown, but there was no evidence offered to show that the super-
   intendent actually signed the contract. *Held*, that the action
   of the lower court in sustaining defendant's objection to the
   introduction of the contract on the grounds that its execution
   had not been proven was proper.

2. **————: ————: Where a Contract is Signed by Both Parties,
   Defendant's Signature Must Be Proven.** Where the contract
   sued on, is signed by both parties, section 746, Revised Statutes
   1899, providing that contracts shall be adjudged confessed, un-
   less denied under oath by the party charged does not apply;
   but under defendant's general denial, it devolved upon plaintiff
   to prove the execution of the contract by the defendant before
   it was admissible in evidence.

3. **EVIDENCE: Letter of Discharge: Prima Facie Showing of
   Agent's Authority to Act for Defendant.** Evidence examined
   and held sufficient to make a *prima facie* showing of authority
   on the part of defendant's agent to write a letter discharging
   plaintiff and held that the court erred in excluding the said
   letter.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,*
Judge.

AFFIRMED.

*J. J. Gideon* and *G. Purd Hays* for appellant.

(1)   A corporation in this State has the same power
to make contracts, oral or written, through its officers
in charge of its business, as an individual would have,
unless prohibited by statute in order to carry on its
business.   Vogeler v. Punch, 205 Mo. 558; R. S. 1899,

sec. 974; Rosenbaum v. Gilliam, 101 Mo. App. 126; Eugene Lungstrass v. German Insurance Company, 57 Mo. 107; Taussig v. Railway, 166 Mo. 28. (2) The evidence shows in this case that the plaintiff worked under the contract from the 10th day of October, 1907, to the 23rd of November, 1907, and was paid for his services by the corporation, and the principle as to ratification of a contract is the same with a corporation as with individuals. Daugherty v. Excelsior Springs, 110 Mo. App. 623; Dillon on Corp., sec. 463. (3) It is no longer the law that instruments of writing executed by a business corporation must be signed by the president and attested by the corporate seal. Brown Mfg. Co. v. Gilpin, 120 Mo. App. 130; Strop v. Hughes, 123 Mo. App. 547.

*A. S. Cowden* and *Mann & Todd* for respondents.

The statute requiring the denial of the execution of a contract to be under oath only applies to contracts signed by one of the parties, and does not apply to contracts purporting to have been signed by both parties, and in a suit involving a contract purporting to have been signed by both parties, a general denial is sufficient to put in issue the signing of the contract, and in this class of cases the party offering the contract is required to prove the execution of the same before the contract is admissible. R. S. 1899, sec. 746; Kelley v. Thuey, 143 Mo. 436; B. & L. Assn. v. Obert, 169 Mo. 518.

STATEMENT.—This is an action for breach of contract of employment. The petition declares upon a written contract, dated October 10, 1907, by which it is charged defendant employed plaintiff for one year as elevator foreman at the mill of defendant in Republic, Missouri, at a salary of seven hundred and twenty dollars, to be paid monthly, and that there was a breach of

said contract by defendant failing to furnish a helper, as provided in the contract, and a further breach by a wrongful discharge of the plaintiff on November 23, 1907. The answer was a general denial. Jury was waived and trial was had by the court. The plaintiff offered in evidence the contract, which appeared, on its face, to be signed by plaintiff and by defendant, R. C. Stone Milling Company, by J. A. McPhayden, Supt. . This was objected to by defendant, for the reason that its execution had not been proven and no authority shown on the part of the superintendent to sign it if he did sign it. The court sustained the objection. The plaintiff then offered evidence tending to show that McPhayden, by reason of his employment and duties which he performed, was authorized to sign this contract, but offered no evidence to show that he did sign it. Plaintiff also offered a letter written by E. R. McDonald, dated November 22, 1907, notifying plaintiff that when the mill should close on Saturday night, November 23rd, he would not be wanted any longer. This letter, on objection of defendant, was also excluded by the court. The plaintiff, at the close of his testimony, renewed his offer of the contract and the letter discharging plaintiff from his employment. The objections to the same were renewed by defendant and sustained by the court. Whereupon the plaintiff took a nonsuit with leave to move to set the same aside and filed his motion for that purpose, which was overruled, and the plaintiff appealed.

COX, J.—The questions to be determined here are as to whether the action of the trial court in excluding the contract offered as evidence by the plaintiff, and the letter which purported to discharge plaintiff from his employment, was correct. As to the letters of discharge, we are of the opinion that its exclusion was erroneous. Plaintiff had testified that McPhayden's work as superintendent ceased on November 5th. and that after that,

McDonald, who had written this letter, had charge of affairs at the mill, and, while there was also testimony by witness Trogden, who was secretary of defendant company, that McPhayden was succeeded as superintendent by one Ward, and that McDonald was not superintendent, but only sales agent for the company, yet, we think that the testimony of plaintiff to the effect that McDonald had succeeded McPhayden in the performance of the duties at the mill which McPhayden had formerly performed, made a prima facie showing of authority in McDonald to act for the defendant; hence, instead of excluding this letter, it should have been admitted: Then, if defendant wished to contend that McDonald had no authority to act for the defendant in discharging the plaintiff he could have offered his testimony on that question, and the entire question could have been submitted to the triers of the fact. This error, however, should not result in reversing the judgment if the action of the court in excluding the contract was correct, for without the contract in evidence, plaintiff's case must fail. It will be noticed that this contract purports on its face to have been executed by both parties, plaintiff having signed for himself; J. A. McPhayden having signed for defendant. This being true, the statute (R. S. 1899, sec. 746), requiring a denial of the execution of a contract alleged to have been executed by the pleader to be under oath, does not apply. Kelley v. Thuey, 143 Mo. 422, l. c. 436, and the general denial filed by defendant raised the issue of the execution of the contract, and it then devolved upon the plaintiff to prove its execution by the defendant before the contract could be admitted in evidence. There was ample proof that McPhayden had authority to sign for the defendant, for the evidence made it clear that as superintendent of the mill it was a part of his duty to employ men, and that he also had authority to discharge them. This was not enough. Plaintiff should have gone a step farther, and shown in some way, that McPhayden *did* sign

the contract.   Not having done this, the trial court was right in excluding it, and as this contract was the basis of the plaintiff's cause of action, he could not make out a case without it.   It, therefore, follows that notwithstanding the error of the court in excluding the letter of McDonald showing the discharge of plaintiff, the action of the court in refusing to set aside the nonsuit was right which must result in an affirmance of the judgment, and it is so ordered.   All concur.