J. B. WELDON, Respondent, v. CHARLES B. FISHER et al., Appellants.

St. Louis Court of Appeals, June 6, 1916.

1. PARTNERSHIP: Appearance: Right of Partner to Enter Appearance for Copartner. An entry of appearance by one partner, in a suit in a foreign State, is not binding upon his copartner.

2. ——: Action: Suit against Partnership in Firm Name: Validity of Judgment. At common law, a partnership was not recognized as a legal entity or as having any existence aside from the individuals composing it, and hence, in the absence of a statute authorizing it, an action will not lie against a partnership in the firm name alone and a judgment rendered against a partnership in the firm name is void.

3. ——: ——: ——: ——: Waiver of Defect. A judgment rendered in favor of a partnership in the firm name is good unless timely advantage is taken of the defect; but a judgment rendered against a partnership in the firm name is void, regardless of whether or not the defect was raised by objection before verdict.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

REVERSED.

*John T. Fitzsimmons* for appellants.

The court erred in not sustaining the objections to the admission in evidence of the transcript of the judgment sued upon, upon the ground that the judgment and all of the proceedings in the transcript was against certain defendants sued as a partnership under the firm name of Fisher & Davis, the names of the persons doing business as Fisher & Davis nowhere appearing in the transcript. Johnson Machinery Co. v. Watson, garnishee of Green, et al., 57 Mo. App. 639; Olson v. Veazie, 37 Pac. 677, 43 Am. St. 855; 1 Black on Judgments, sec. 116; Cox. v. Gille Hardware & Iron Co., 8 Ok. 483; Leader Ptg. Co. v. Lowery, 59 Pac. 242; Yarbrough v. Pugh, et al., 114 Pac. 918; James Reid & Co. v. McLeod, 20 Ala. 576; Frank v. Tatum, 87 Texas, 204; Springfield Fire & Marine Ins. Co. v. Gish, Brook & Co., 23 Okla. 824; 29 L. R. A. (N. S.) 282; footnote to case of Spaulding Mfg. Co. v. Godbold; Rhea v. Rawlings & Son, 3 Cranch. 6, ch. 256; Lanford v. Patton, Donegan & Co., 44 Ala. 584; Moore & McGee v. Burns & Co., 60 Ala. 269; James Day v. Cushman, Eaton & Co., 2 Ill. 475; Livingston et al. v. Harvey, 10 Ind. 218; Crandall. v. Denny & Co., 2 N. J. L. 137; McCredy & McKee v. Vaneman, 3 N. J. L. 870; Burns v. Hall & Smith, 3 N. J. L. 984; Tomlinson v. Burke & Clark, 10 N. J. L. 295; Dunham v. G. Shindler & Co., 17 Oreg. 256; Burden v. J. C. Cross & Co., 33 Texas, 685; Simmons et al. v. Litche Bros., 102 Ala. 317; 22 Am. & Eng. Enc. of Law, pages 75 and 77; Scheffield v. Barber, 14 R. I. 263; Hitch v. Gray, 1 (Mary.) Del. 400.

*Henry B. Davis, Charles Erd* and *Loren E. Massey* for respondent.

(1) The members of copartnership are the real parties in interest, and actions by and against the firm should be brought in the names of the individual members. Where, however, no objection is made to the bringing of an action against the partners by their firm name, such defect is waived. Mitchell & Bro. v.

Railton, 45 Mo. App. 273; Johnson Machinery Co. v. Watson, 57 Mo. App. 629; Fowler & Wild v. Williams, 62 Mo. 403; Davis v. Kline, 76 Mo. 310; State ex rel. v. Bank of Neosho, 120 Mo. 161; Smith v. Chenault, 48 Tex. 455; Goodgion v. Gilreath, 32 S. C. 388; Bennett v. Childs, 19 Wis. 362, 367; Freeman on Judgments, par. 154, p. 280. (2) It is a well-established rule, that if a summons in an action is served upon the person really intended to be sued, although a wrong name is given him in the writ and return, and he suffers a default, or, after appearing omits to plead the misnomer in abatement, and judgment is taken against him, he is concluded thereby, and in all future litigation, he may be connected with the suit and judgment by proper averments. Black on Judgments, sec. 213, p. 318; Perry v. Woodson, 33 Mo. 347; Bowen v. Buckner, 171 Mo. App. 384; Lafayette Ins. Co. v. French, 18 How U. S. 409; Smith v. Boaker, 1 Mass. 76; Bank v. Jaggers, 31 Md. 38, 47; Althons v. Hansburger, 6 Pa. St. 160; Waldrop v. Lenard, 22 S. C. 118; Railroad v. Burress, 82 Ind. 83. (3) (a) The indentity of names in the record of a former suit with those in a present suit, prima facie establish identity of parties, but if the record fails to demonstrate the identity, it may be shown by evidence *aliunde*. Garwood v. Garwood, 29 Cal. 514; Thomson v. Maurow, 1 Cal. 428. (b) As long as the defendant can be identified as the one against whom the judgment was rendered, he is as much bound by the judgment as those claiming under the judgment, and as much entitled to its benefits, to all intents and purposes, as if the defendant had been sued by his right name. Perry v. Woodson, 33 Mo. 347. (4) Any action on the part of a defendant, which recognizes that the case is in court, except the filing and presentation of a plea to the jurisdiction of the court, amounts to a general appearance. The presentation of an application for a change of venue constitutes a general appearance. Banker's Life Ass'n v. Shelton, 84 Mo. App. 634; Fiedler v. Schrader, 59 Mo. 364; Bailey v. Barry, 113

Mo. 544; Millers v. State, 35 Ark. 276; St. Louis v. Barnes, 35 Ark. 471; State Bank v. Walker, 14 Ark. 234; Fowlers v. Stebins, 136 Fed. 365. (5) It will be presumed that courts of general jurisdiction act by right, and not by wrong, and conform their acts and doings to well settled forms, precedents and methods of procedure. State ex rel. v. Bank of Neosho, 120 Mo. 161. (6) Where an attorney appears and assumes the right to act for a party to an action, such party is bound by any judgment that might be rendered therein, against him, and if the attorney acted without authority, the only remedy of the party for whom he assumed to act is against the attorney. Tippack v. Briant, 63 Mo. 580.

ALLEN, J.—This is a suit upon a foreign judgment. The present action was begun before a justice of the peace, where defendants prevailed. Upon plaintiff's appeal to the circuit court and a trial there *de novo* before the court and a jury, plaintiff recovered, and the case is here upon defendants' appeal.

The judgment sued upon was rendered in 1910, in the district court of Muskogee county, Oklahoma, in favor of plaintiff and against "the defendants Fisher & Davis." It appears that in 1898 these defendants, Charles B. Fisher and Thomas D. Davis, doing business in the city of St. Louis as Fisher & Davis, sold and delivered some machinery to certain persons located in what is now the State of Oklahoma, who gave defendants certain notes on account of the purchase price thereof, said notes constituting a lien on the property so sold. The notes were not paid at maturity, and defendants placed them in the hands of Thos. J. Fagin & Company, collectors, by whom the notes were forwarded to an attorney in Oklahoma for collection. It appears that plaintiff, Weldon, claimed that defendants agreed to turn over to him one of these notes, the one last payable, as his commission for making the sale of the property mentioned. It is said that the attorney to whom the notes were forwarded got possession of the property without suit and advertised it

for sale, and that Weldon thereupon attached it for alleged indebtedness of defendants to him by way of commission. It seems that the attorney gave a forthcoming bond, retained possession of the property, and sold it to satisfy the claim in his hands, remitting to Fagin & Co., the proceeds less his fee. There is some evidence making it appear that the last note was tendered to plaintiff, but that he refused to accept it and brought his suit; the matter, however, is here immaterial.

The attorney mentioned engaged another attorney to look after the suit instituted by plaintiff, who later appeared and filed an answer therein. This attachment suit, originally instituted in the United States district court, remained pending for a number of years, during which time it appears to have had three trials. Subsequent to the second trial thereof the files therein were lost, and, it is said, the case lay dormant for five or six years. Eventually a "substituted complaint" was filed therein by plaintiff's counsel, to which the said attorney appearing for the defense filed an answer, and the cause again proceeded to trial, resulting in the judgment here sued upon. The attachment feature of the case appears to have been abandoned or disregarded altogether. The judgment rendered upon this last trial, and here sued upon, is in form a general judgment.

It is conceded that the defendants were never served with process in the Oklahoma suit; and there is no evidence to show that they ever authorized counsel to appear for them therein. The trial court, in the case before us, so instructed the jury; and it quite clearly appears, we think, that the court was right in this. Plaintiff's evidence shows merely that the attorney appearing was "employed" by the attorney to whom Fagin & Co., had forwarded the original notes for collection. There was no showing of any authority from defendants therefor; and defendants' evidence tends to affirmatively show that no such authority was ever given; that defendants merely re-

194 M. A.—37

ceived from Fagin & Co., the remittance mentioned, and regarded the matter as closed, until shortly prior to the institution of the action. There is evidence tending to show that both defendants and Fagin & Co. had knowledge, through letters written them, of the pendency of the attachment suit; though defendants deny that they knew anything of it whatsoever. But it does not appear that defendants in any way authorized any one to appear for them.

The record in the suit in Oklahoma shows that the "defendants" therein filed a petition for change of venue, "duly supported by affidavits," and that the change was granted. That the cause was transferred from one court to another appears from the testimony of the attorney who appeared for the defense—taken by way of deposition—but he had no recollection whatsoever as to how this took place. In the case before us the learned trial judge sent the cause to the jury on the theory, alone, that the jury could lawfully find that these defendants had appeared in the Oklahoma suit in obtaining the change of venue. In the only instruction given, excepting a formal one, the court instructed the jury as follows:

"If the defendants or either of them swore to an affidavit for a change of venue in said cause and caused the same to be filed in said suit, or authorized any person to make an application for a change of venue and a change of venue was asked in said cause in pursuance to such authority, then the application for a change of venue would constitute an appearance by defendants in said cause.

"If now you find from the evidence that defendants or either of them swore to an affidavit for change of venue and that the same was filed in the case in Oklahoma, or that they or either of them authorized the filing of an application for a change of venue in said cause, then your verdict should be in favor of plaintiff; . . . if on the other hand you find from the evidence that neither of the defendants either swore to an affidavit for a change of venue in the

case in Oklahoma and caused the same to be filed in said cause, or authorized any person to present an application for a change of venue on their behalf in said cause, your verdict must be for the defendants.''

That it was error to give this instruction we think cannot be doubted. An act constituting an entry of appearance by one partner in the foreign State would not be binding upon his copartner. [See Hall v. Lanning, 91 U. S. 160; Ralya Market Co. v. Armour & Co., 102 Fed. 531.] It is by no means clear that the evidence was such as to support this instruction were it proper in form and effect. But this is a matter upon which it is unnecessary to dwell.

We are of the opinion, however, that no recovery can be had against these defendants on this judgment. At common law a partnership was not recognized as a legal entity, or as having any existence apart from the individuals composing the firm. In the absence of a statute authorizing it, a partnership cannot be sued in the firm name alone. The action must proceed against the members composing the partnership. It was duly shown that the common law was in force and effect in Oklahoma at the time, and there was no showing of any statute authorizing the partnership to be sued in the firm name. The suit proceeded against the firm ''Fisher & Davis.'' The judgment is against ''the defendants Fisher & Davis.'' The full names of these defendants nowhere appear in the judgment of the transcript of the proceedings.

In Johnson Machinery Co. v. Watson, 57 Mo. App. 629, this court held that a judgment against a firm, in the firm name alone, was a nullity and afforded no protection to the defendant who set up such judgment and pleaded that the funds of the plaintiff in his hands had been seized thereunder by way of garnishment. We see no reason to depart from that ruling. Respondent's learned counsel call attention to the language used in a portion of the opinion in referring to the case of Fowler & Wild v. Williams, 62 Mo. 403, which did not pass upon the precise matter in hand.

Regardless of what was said in that connection in Johnson Machinery Co. v. Watson, supra, this court there distinctly held that the judgment against the firm, *eo nomine,* was absolutely void.

Respondent contends that the defect is one which is waived unless timely objection be made. It is true that where a suit is prosecuted by a partnership in the firm name, if no advantage is taken of the defect the judgment will not be void but will be good after verdict. [See Fowler & Wild v. Williams, supra; Conrades & Co. v. Spink, 38 Mo. 309; Mitchell & Bro. v. Railton, 45 Mo. App. 273.] But it does not follow that a judgment which on its face is against neither a natural nor an artificial person is a valid judgment. Nothing was actually decided in Bank of Neosho, 120 Mo. l. c. 171, 25 S. W. 372, on the point here involved, and the cases there referred to are not persuasive.

In Metropolitan St. Ry. Co. v. Express Co., 145 Mo. App. 371, 130 S. W. 101, the suit was brought and prosecuted to judgment against a foreign joint stock company named as defendant therein. Following its prior ruling in Adams Express Co. v. Railway Co., 126 Mo. App. 471, 103 S. W. 583, the Kansas City Court of Appeals held that the defendant company had no legal existence and could not sue or be sued; that "suits by or against the company must be brought by or against the individual members in their individual names." Respecting the point here made as to waiver of the so-called defect, the court said:

"A civil action can be maintained only against a legal person, i. e., a natural person or an artificial or quasi-artificial person. If the fault of the petition consisted of the misnomer of a legally existing defendant, we would hold that plaintiff had a true action subject only to defendant's right to object at the threshold for misnomer. But since we have no legal entity before us, there is no one against whom lawful judgment can be rendered." It was accordingly held that the whole proceeding was void *ab initio.*

In the case before us the foreign judgment sued upon is not against these defendants. Neither is it a judgment against any person natural or artificial. Our courts are not required to give to it any faith or credit, and in our opinion should regard it as a nullity.

The judgment should accordingly be reversed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.