Otto C. Woerter, Receiver for North Western Trust & Savings Bank (R. L. Feltinton, Assignee), Appellant, v. Labowitch and Morris Discount Service, Appellee.

Gen. No. 45,777.

Opinion filed October 29, 1952. Rehearing denied November 17, 1952. Released for publication November 17, 1952.

AARON SOBLE, of Chicago, for appellant.

JESSE H. BROWN, of Chicago, for appellee; DONALD M. BECKER, of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

August 4, 1941 a judgment by confession was entered in the municipal court of Chicago in favor of the receiver of the North Western Trust & Savings Bank against Labowitch & Morris Discount Service for $31,682.15 and costs.

August 29, 1946 the receiver of the bank assigned the judgment to R. L. Feltinton who revived the judgment on January 25, 1951.

August 29, 1951 Feltinton, as assignee, filed a petition asking that an order be entered amending the judgment against Labowitch & Morris Discount Service by including therein David Labowitch and Benjamin I. Morris individually and as copartners doing business as Labowitch & Morris Discount Service, and for an order directing the clerk of the court to issue execution against Labowitch and Morris individually and as copartners.

Labowitch and Morris filed a special appearance. Plaintiff Feltinton appeals from an order denying his motion and petition for an order amending the judgment.

Plaintiff's counsel admits that the judgment here in controversy against Labowitch & Morris Discount Service is unenforceable. He argues that since David Labowitch and Benjamin I. Morris were partners it

169

is necessary to include them as parties in order to enforce the judgment. This he seeks to do by motion supported by a sworn petition, to amend the judgment.

The sole question presented is whether plaintiff may add additional parties, more than ten years after the entry of the judgment here in question, without process. Under almost identical circumstances this proposition has been decided contrary to plaintiff's contention in *Lewis v. West Side Trust & Savings Bank,* 377 Ill. 384. In that case the complaint and summons were issued against "B. Cohen & Sons" and contained no statement that B. Cohen & Sons was a partnership, a corporation, or any other particular type of association. John M. Cohen was served as a copartner. He made no appearance but judgment was rendered against him. The court said, at page 385, "It seems to us apparent that a judgment against an individual in a suit against a purported entity is void. Since John M. Cohen was neither sued nor summoned he was under no duty to appear and defend in order to prevent a judgment being entered against him. In this State a partnership is not a legal entity apart from the individual members and in order to sue a partnership it is necessary to sue all the partners [citing cases]. Since this suit was brought against an entity which is legally non-existent the proceeding was void *ab initio* and its invalidity could be called to the court's attention at any stage of the proceeding."

Plaintiff says that the trial judge had the power to amend the judgment under the provisions of Rules 11 and 17 of the Municipal Court of Chicago. Assuming, as plaintiff contends, that these rules are rules of practice and not rules of substantive law, we think this contention is without merit. Under the authority of *Lewis v. West Side Trust & Savings Bank,* 377 Ill. 384, the judgment in the instant case is void for the reason that the action was brought against a non-

■

existent defendant. Under the circumstances shown by the record the judgment here cannot be validated by amendment upon a motion under a rule of procedure without giving Labowitch and Morris their day in court.

■ With the case we have taken a motion by Labowitch and Morris to dismiss this appeal on the ground that the question presented is moot. Their motion to dismiss the appeal is denied.

For the reasons given, the order here appealed from is affirmed.

*Order appealed from affirmed.*

FEINBERG and KILEY, JJ., concur.