**O. B. DAVISON, Plaintiff,**

v.

**Alvin FARR, Deeb Motors Company and California Car Company, Defendants.**

No. 7257.

Springfield Court of Appeals.

Missouri.

Dec. 2, 1954.

502

Jim Poynor, Joplin, for defendant-appellant, California Car Co.

Seiler, Blanchard & Van Fleet, Joplin, for plaintiff-respondent.

STONE, Judge.

In this action for damages resulting from a collision in Joplin, Missouri, on February 10, 1953, between a 1936 Nash owned and driven by plaintiff and a 1952 Cadillac driven by defendant Farr, plaintiff dismissed as to defendant, Deeb Motors Company (hereinafter referred to as Deeb Motors), at the close of plaintiff's case and, upon the jury verdict thereafter returned, had judgment for $1,050 against defendants Farr and California Car Company (hereinafter referred to as California Car), from which California Car alone appeals. Defendants Farr and Deeb Motors were not represented upon trial, and the primary issue between plaintiff and defendant California Car was as to whether California Car might be held under the doctrine of respondeat superior for the negligence of Farr.

At the outset, we are confronted with the fact that the judgment is clearly void and unenforceable as to defendant California Car. In his petition, plaintiff alleged that "defendant California Car Company is a California corporation" or "in the alternative that California Car Company is a fictitious name for an individual doing business under that name, that the full name of the individual is unknown to this plaintiff." Interrogatories subsequently propounded by plaintiff to California Car were answered under oath by Bernard R. Snyder, who "declared that he is a partner in the California Car Company, a co-partnership," and in response to Interrogatory No. 3 named the partners. Plaintiff proceeded to trial on his original petition and, as a part of his case, introduced in evidence not only Interrogatory No. 3 and the answer thereto but also questions and answers from Snyder's deposition likewise showing that California Car is a partnership. The verdict of the jury was "against the defendants, Ivan Farr and California Car Company"; and the judgment (omitted from the transcript but supplied at our request), after references to "defendants Alvin Farr and California Car Company," was that "plaintiff have and recover of and from the defendants, the sum of $1050."

It has long been recognized and settled in Missouri that, there being no statutory authorization to the contrary, a partnership cannot be sued in the firm name and that the action must be brought against the individual partners. Haney v. Thomson, 339 Mo. 505, 98 S.W.2d 639, 644(4); Windisch v. Farrow, Mo.App., 159 S.W.2d 392, 394(3); Weldon v. Fisher, 194 Mo. App. 573, 186 S.W. 1153, 1155(2); Moses P. Johnson Machinery Co. v. Watson, 57 Mo.App. 629, 634(3). In this connection, see and compare Van Natta v. Harroun Real Estate Co., 221 Mo. 373, 120 S.W. 738,

740(5); Daiprai v. Moberly Fuel & Transfer Co., 359 Mo. 789, 223 S.W.2d 474, 476 (2); Clark Estate Co. v. Gentry, 362 Mo. 80, 240 S.W.2d 124, 127(2); Weir v. Metropolitan St. Ry. Co., 126 Mo.App. 471, 103 S.W. 583, 585(3); Ruggles v. International Ass'n, etc., Iron Workers, 331 Mo. 20, 52 S.W.2d 860, 862(5); Newton County Farmers' & Fruit-Growers' Exch. v. Kansas City So. Ry. Co., 326 Mo. 617, 31 S.W.2d 803, 804(2); Aalco Laundry & Cleaning Co. v. Laundry Linen, etc., U. L. No. 366, Mo.App., 115 S.W.2d 89, 90(1). " 'This rule (that suit can not be maintained against a partnership in its firm name in the absence of actual service on, or appearance by, the individual members of it) rests upon the principle that a firm has no legal existence apart from its members.' " Haney v. Thomson, supra, 98 S.W.2d loc. cit. 644; Moses P. Johnson Machinery Co. v. Watson, supra, 57 Mo.App. loc. cit. 634. To the same effect, see Chambers v. Macon Wholesale Grocer Co., 334 Mo. 1215, 70 S.W.2d 884, 889; Brollier v. Van Alstine, 236 Mo.App. 1233, 163 S.W.2d 109, 112. That, in a suit against a partnership in its firm name only, there is no legal entity before the court against which lawful judgment may be rendered, constitutes a fatal defect not waived by failure to object, and a judgment against the partnership in its firm name alone is void. Weldon v. Fisher, supra, 186 S.W. loc. cit. 1155(2); Metropolitan St. Ry. Co. v. Adams Express Co., 145 Mo.App. 371, 130 S.W. 101, 103(6); Aalco Laundry & Cleaning Co. v. Laundry Linen, etc., Local No. 366, Mo.App., 113 S.W.2d 1081, 1082(2); Woerter v. Labowitch & Morris Discount Service, 348 Ill. App. 168, 108 N.E.2d 519.

■ In the instant case, an answer in the nature of a general denial was filed on behalf of "the defendants" and a written entry of appearance also was filed, reciting that "Come now the defendants Alvin Farr, Deebs Motor Company and California Car Company, the defendants herein, and enter their appearance in the above entitled cause," both pleadings having been signed by an "Attorney for Defendants." But, neither the answer nor the entry of appearance purported to be "that of any individual himself as a partner, or to be authorized for him in that or any other capacity." Haney v. Thomson, supra, 98 S.W.2d loc. cit. 644 (5). There was no service upon, or entry of appearance by, any of the individual partners, and we think it plain that, under the case law in Missouri, the judgment against California Car is void. However, it being apparent that the pertinent facts bearing upon defendant Farr's status at the time of accident and his relationship with his codefendants were not developed fully upon trial, the cause should be remanded to afford plaintiff an opportunity to amend his petition, to bring in additional parties defendant, and to retry the case if he so desires. Cf. East v. McMenamy, Mo., 266 S.W.2d 728, 732(7), and cases there cited; Lipel v. General American Life Ins. Co., Mo.App., 192 S.W.2d 871, 876(8); Talbot v. J. V. Brinkman Co. Bank, 220 Mo.App. 493, 274 S.W. 501.

Since additional evidence may be offered upon retrial, no good purpose would be served by determination of the issue raised on this appeal as to whether plaintiff made a submissible case against California Car; but, in the interest of minimizing the possibility of error upon retrial, it may be helpful to consider the admissibility of Exhibit C, a purported contract between California Car and Farr. This requires a brief statement of facts. California Car is an automobile dealer in Los Angeles, and Deeb Motors is an automobile dealer in Detroit. In answers to interrogatories introduced in evidence, Bernard R. Snyder, a partner in California Car, said that the 1952 Cadillac driven by Farr "had been purchased by California Car Company but had not been delivered"; that Deeb Motors had "engaged" Farr to drive the Cadillac "to California for delivery to California Car"; and that, "during the time he was driving the * * * 1952 Cadillac * * * from Detroit to California," Farr was *not* "under the supervision and control of California Car" but was under the supervision and control of Deeb Motors. Neither Farr nor

any representative of Deeb Motors testified in person or by deposition, and the only testimony concerning the purchase of the Cadillac by California Car was from Snyder's deposition.

Snyder stated that California Car received long distance telephone calls from a Mr. Marvel of Deeb Motors on February 1 and 4, 1953; that he (Snyder) answered the telephone on both occasions and "listened in" on the conversations between Snyder's father and Mr. Marvel; that the first conversation on February 1 pertained to the purchase by California Car of two Cadillac automobiles; that, in the second conversation on February 4 which pertained to purchase by California Car of the Cadillac involved in the accident of February 10 and another Cadillac, Mr. Marvel of Deeb Motors "once again quoted the price that he wanted for the cars and my dad told them * * * to send them out and when they arrived, if we found the cars were in the condition that he said they were, we would go ahead and pay for them"; that California Car made no arrangements for delivery of any of the Cadillacs in Los Angeles—"they (Deeb Motors) were to arrange to deliver the car"—"Mr. Marvel said that he would get the cars sent out"; that nothing was said "about a driver"; that Farr's name was not mentioned in the telephone conversations; and that California Car made no arrangements with Farr "concerning driving this automobile or any other automobiles to California." With specific reference to the purported contract, Exhibit C, dated February 7, 1953, Snyder said that California Car received this instrument "about February 9th in the mail" from Deeb Motors; that Carl Haskins, whose signature appears above the typewritten name "California Car Co." on Exhibit C was not connected with California Car; and, that Haskins' purported signature on behalf of California Car was "unauthorized".

Exhibit C, a printed form contract with numerous blanks filled by typewriter, recited that "First Party (California Car) is the owner" of the Cadillac under consideration; that "Second Party (Farr)" agreed to travel over certain designated highways and "to deliver said car in the same condition on or before February 14, 1952 Morn. at which time the deposit of $50.00 is to be refunded to Ivan Farr Plus $35.00 Plus money spent in New Mexico for a caravan permit"; and, "that said Second Party is an independent contractor and is not acting as the agent, servant or employee of said First Party, and does hereby assume all responsibility for any damage or injury incurred by or through an act of inadvertence on the part of said Second Party as such independent contractor while enroute from said City of Detroit to said City of Los Angeles." At the top of Exhibit C appeared the typed instruction, "In case of accident or breakdown contact your destination Dunkirk 8 3481," which was shown to be the Los Angeles telephone number of California Car; and, at the bottom of Exhibit C appeared the printed warning, "Do not pull hookups of any type or exceed fifty miles per hour."

If there had been a prima facie showing that Exhibit C had been executed by authority of California Car, it would, of course, have been material and admissible as bearing upon the existence vel non of a right to control Farr with respect to his physical conduct in performance of the undertaking. State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W.2d 383, 388(15), 8 A.L.R.2d 1124; Blashfield's Cyclopedia of Automobile Law and Practice (Perm.Ed.), Vol. 9C, Section 6274, p. 459. But, the general rule is that execution of a private writing must be established before it may be admitted in evidence [Cummins v. Dixon, Mo., 265 S.W.2d 386, 394(7); Lewin v. Dille, 17 Mo. 64, 70(7); Johnson v. American Ry. Express Co., Mo.App., 245 S.W. 1071, 1072(2); Ruckman v. R. C. Stone Milling Co., 139 Mo.App. 256, 123 S.W. 69, 70(3); 20 Am.Jur., Evidence, Section 922, p. 776; 32 C.J.S., Evidence, § 733, p. 647]; and, the record in the instant case neither shows authorized execution of Exhibit C on behalf of California Car nor permits any legitimate inference to that

effect. For, there was no identification of Carl Haskins or of his signature, and no showing that he had any authority to act on behalf of California Car; but, on the contrary, the uncontradicted evidence was that Haskins was not known to California Car and that his purported execution of Exhibit C was unauthorized.

Plaintiff urges that, even if there was no proof of authorized execution of Exhibit C, California Car "recognized the agreement" and is bound "by ratification and adoption." "Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him" [Restatement of the Law of Agency, Vol. I, Section 82, p. 197], and "(a)ffirmance is a manifestation of an election by the one on whose account an unauthorized act has been performed to treat the act as authorized, or conduct by him justifiable only if there is such an election" [Ibid., Section 83, p. 198]. Passing a preliminary but fundamental impediment arising out of the fact that there was no showing that Haskins purported to act on account of California Car—an essential prerequisite to ratification by affirmance of an unauthorized act of an agent [Restatement of the Law of Agency, Vol. I, Section 85, p. 204; Williston on Contracts (Rev.Ed.), Vol. I, Section 278, pp. 808–809]—we are unable to find, from the record before us, any elements of ratification by affirmance on the part of California Car of Haskins' unauthorized execution of Exhibit C.

We cannot reasonably or logically conclude, as plaintiff would have us do, that California Car "*recognized* the agreement (Exhibit C)" by employment of counsel to obtain release of the attached Cadillac and by "advancement" of $100 to White's Garage in Joplin for repairs to the Cadillac "to facilitate delivery of the vehicle"—those being acts which, in effect, were *inconsistent* and *incompatible* with *Farr's* obligation under Exhibit C (if that

was a valid contract) "to deliver said car in the same condition" and his assumption of "all responsibility for any damage or injury" incurred while en route to California—or because Farr, upon arrival in Los Angeles, "was reimbursed the $50 deposit that he originally gave to Deeb Motors" since that simply constituted delivery to Farr of $50 which had been forwarded by Deeb Motors to California Car. With respect to many of the factors considered in determining whether one is acting as a servant or as an independent contractor [consult Restatement of the Law of Agency, Vol. I, Sec. 220, pp. 483–490; Williamson v. Southwestern Bell Tel. Co., Mo., 265 S.W.2d 354, 358–359(3–5); Frank v. Sinclair Refining Co., 363 Mo. 1054, 256 S.W.2d 793, 797–798(5); Corder v. Morgan Roofing Co., 350 Mo. 382, 166 S.W.2d 455; Skidmore v. Haggard, 341 Mo. 837, 110 S.W.2d 726], "the record is unfortunately silent" [Mattocks v. Emerson Drug Co., Mo.App., 33 S.W.2d 142, 143]. But, we are not here passing upon the sufficiency of the evidence to make a submissible case against California Car; and, upon the precise question under consideration, i. e., whether Exhibit C was admissible upon the record before us, we are definitely of the opinion that the trial court erred in admitting this exhibit.

Since other errors urged upon this appeal, if apparent as such to counsel, may be avoided upon retrial, it is needless to consider them here. Although defendant Farr has not appealed, it necessarily follows from our disposition of the case as to defendant California Car that the issue of damages must be retried as to defendant Farr, inasmuch as the final judgment, if plaintiff should prevail against others as well as Farr, must be in the same amount against all defendants held liable. Cox v. Wrinkle, Mo., 267 S.W.2d 648, 653 (8); Polkowski v. St. Louis Public Service Co., 229 Mo.App. 24, 68 S.W.2d 884, 889 (8, 9). Accordingly, it is the judgment of this court that, as to defendant California Car, the cause be reversed and remanded on all issues, and that, as to defendant Farr,

the cause be reversed and remanded for retrial upon the issue of damages alone, with the verdict against defendant Farr on the issue of liability to be held in abeyance pending entry of judgment following such retrial.

McDOWELL, P. J., concurs.