**Norma ROARK, Appellant,**

v.

**Arlo GUNTER, Respondent,**

and

**George R. Davis, Defendant.**

No. 50918.

Supreme Court of Missouri,

Division No. 2.

June 14, 1965.

Allan R. Browne, Ennis, Browne & Martin, and Edgar J. Keating, Kansas City, for appellant.

Roy Larson, Jr., Sprinkle, Carter, Sprinkle & Larson, Kansas City, for respondent.

STOCKARD, Commissioner.

▇ Plaintiff, Norma Roark, brought suit against Arlo Gunter and George R. Davis for personal injuries sustained in an automobile collision involving three automobiles. The jury verdict was in favor of plaintiff and against Davis in the amount of $16,250, and against plaintiff and in favor of Gunter. The trial court subsequently ordered a remittitur in the amount of $4,000 (accepted by plaintiff) and entered a judgment in favor of plaintiff and against Davis in the amount of $12,250. Plaintiff appealed "from the judgment for the defendant Gunter," and Davis appealed "from the order * * * overruling motion for new trial by defendant George Davis." The appeal by Davis has not been perfected in that no brief has been filed in this court. Therefore, we are not called upon to determine the sufficiency of the notice of appeal filed by him. See, however, Walker v. Thompson, Mo., 338 S.W.2d 114; Clark v. Dubbs, Mo.App., 360 S.W.2d 288. Plaintiff asserts in her brief that jurisdiction is in this court because she "seeks a verdict of $25,000" against Gunter, the amount set forth in the prayer of her petition, and Gunter does not challenge our jurisdiction. However, we must examine sua sponte that question. Shepherd v. Department of Revenue, Mo., 370 S.W.2d 381.

▇ Gunter and Davis were sued as joint tort-feasors, and the final judgment, if plaintiff should prevail on this appeal and on a new trial, must be in the same amount against all defendants found liable. Gardner v. Simmons, Mo., 370 S.W.2d 359, 366; Cox v. Wrinkle, Mo., 267 S.W.2d 648, 653; Davison v. Farr, Mo.App., 273 S.W.2d 500, 505. However, Davis has not perfected his appeal, if in fact he has a valid appeal, and plaintiff has not appealed from that part of the judgment in her favor and against Davis on the basis of inadequacy of the verdict. There is no contention, and none can now be made on this appeal, that the verdict against Davis is inadequate. This sit-

uation is to be distinguished from those cases where plaintiff obtained a verdict and judgment against two or more joint tort-feasors, and less than all of the defendants appealed and challenged the amount of the verdict. See Yarrington v. Lininger, Mo., 327 S.W.2d 104; Rosenkoetter v. Fleer, Mo., 155 S.W.2d 157; Gardner v. Simmons, supra; Davison v. Farr, supra. The issues pertaining to that portion of the judgment pertaining to Davis have been finally adjudicated although the judgment is held in abeyance pending the disposition of the entire case. If plaintiff should prevail on this appeal, and obtain a reversal of that portion of the judgment from which the appeal is taken, upon retrial she would be limited in the maximum permissible amount of recovery to $12,250, which is less than our jurisdictional amount.

▇ In Hoelzel v. Chicago, R. I. & P. Ry. Co., 337 Mo. 61, 85 S.W.2d 126, it was held that "A plaintiff should be permitted to hold the amount of a verdict in which there is no error. A defendant should not be given a second trial of an issue where there was no error in the first trial of that issue." This rule should apply to the defendant as well; in this case Davis. He should be entitled to hold the verdict against him to a maximum of $12,250. Plaintiff is not entitled to a new trial on the issue of damages as to Davis when no error as to that issue is presented.

We necessarily reach the conclusion that the amount actually in dispute on this appeal cannot exceed $12,250. There is no other basis for jurisdiction in this court, and therefore the case must be and is transferred to the Kansas City Court of Appeals.

BARRETT and PRITCHARD, CC., concur.


PER CURIAM.
The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.