Thomas H. BROWN, Plaintiff,

v.

CONSOLIDATED FISHERIES COM-
PANY, a Corporation of the State
of Delaware, Defendant.

Civ. A. No. 1509.

United States District Court,
D. Delaware.

Dec. 28, 1954.

James R. Morford, Morford & Ben-
nethum, Wilmington, Del., for plaintiff.

John Van Brunt, Jr., Killoran & Van
Brunt, Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an unusual proceeding. A
complaint in an ordinary diversity ac-
tion between the parties seeking the
recovery of an ordinary money judg-
ment was filed November 7, 1952. The
action has proceeded and trial has been
had and the disposition of the matter
is awaiting the filing of briefs which are
not due for some weeks. The defendant,

a Delaware corporation, had an extensive factory within this State for the production of fish oil, fish scrap and fertilizer. The defendant on or about December 1, 1954, sold its manufacturing plant and some other property to a third party for upwards of $2,000,000. It did not sell an accumulation of fish oil and other products of an estimated value of $60,000, which still remains in this State.

The plaintiff, hoping and expecting ultimately to recover a judgment in the action now pending, seeks to maintain some res for the collection of that judgment if and when rendered.

The plaintiff has filed a motion which is threefold in character and in the alternative: (1) under Rule 64 of the Rules of Civil Procedure, 28 U.S.C., for the issuance of an attachment binding the property of the plaintiff; or (2) that the present motion be considered in the nature of a supplemental complaint in the original action; and (3) that a Receiver or Receiver pendente lite be appointed for the defendant. The contentions will be considered in the inverse order.

(3) The appointment of a Receiver or Receiver pendente lite was abandoned at the argument.

■■ (2) The motion of the plaintiff that the present application be considered as supplemental to the original complaint must be denied. Rule 15(d) governs the matter of supplemental pleading. While the filing of supplemental pleading is largely discretionary, it seems reasonably clear that such pleading should solely concern subsequent matter which related to the claim or defense presented in the original pleading. I think the matter considered on this motion does not fairly come within this category.

(3) The main contention of the motion is based upon Rule 64. This rule, with some exception not here material, does not itself provide remedies of attachment or seizure of persons or property for the purpose of securing satisfaction of a judgment ultimately to be obtained but makes available in a federal court those remedies that are provided by the law of the state where the District Court is held. I am thus relegated to the Delaware law.

The movant relies upon the law now found in 10 Del.C. § 3501 under the title of Domestic Attachment.[1] To make this law applicable the plaintiff, movant, has filed an affidavit that the defendant corporation is an inhabitant of this State, is indebted to the plaintiff, and has absconded from its usual place of abode and business with intent to elude and avoid execution process on any judgment that may be rendered in this cause.

A Statute of Delaware[2] provides that the Court, on motion of the party whose property is attached, may investigate the allegations of any affidavit filed as the basis of an attachment and if, upon such investigation, it appears that there was not sufficient ground for the attachment, then such attachment should be discharged. In this case no attachment has been issued but the matter is presented by a motion seeking such attachment. The defendant has moved for an investigation of the allegations of the affidavit thereby seeking the denial of the motion for attachment.

1. "§ 3501. Domestic attachment; when writ may be issued
  "A writ of domestic attachment may be issued against an inhabitant of this State after a return to a summons or capias, issued and delivered to the sheriff or coroner ten days before the return thereof, showing that the defendant cannot be found, and proof satisfactory to the court of the cause of action; or upon affidavit

made by the plaintiff, or some other credible person, and filed with the Prothonotary, that the defendant is justly indebted to the plaintiff in a sum exceeding $50, and has absconded from the place of his usual abode, or gone out of the State, with intent to defraud his creditors or to elude process, as is believed."

2. 10 Del.C. § 3514.

I shall not pause to detail all the reasons showing the inapplicability of the cited statute to the present case. I must be content in showing some of these reasons.

It is obvious that the purpose of the Delaware Act for Domestic Attachment is to provide a remedy where ordinary service of process cannot be had. The writ of Domestic Attachment may issue (1) when ordinary process is issued and the return shows that the defendant cannot be found in the jurisdiction and on proof of the cause of action; and (2) upon affidavit that the defendant is justly indebted to the plaintiff and has absconded from the place of his usual abode or gone out of the State with intent to defraud his creditors or to elude process. In both instances it is the inability or failure to make service of ordinary legal process that forms the basis of a Domestic Attachment.

We are not here concerned with the first portion of the Statute. There is no suggestion of the issuance of ordinary process and the failure to serve such process.

 The gist of the contention of the plaintiff which forms the basis of the attachment prayed for is that the defendant has "absconded" from the State. Indeed, the very proceeding is sometimes called the "absconding debtors" act. An absconding debtor has been defined to be "one who leaves or is about to leave the jurisdiction, or who conceals himself within the jurisdiction for the purpose of avoiding the process of the courts." In Delaware the service of legal process upon a corporation is set out with particularity.[3] This service of process on a domestic corporation may be effected whether the corporate officers or agents are within or without the State. It is difficult to see how a domestic corporation of Delaware in good standing may change its abode or abscond from the State for the purpose of evading service of process. In any event there is no showing of such attempt to evade process.

The entire attachment proceedings, domestic and foreign, are primarily framed for the purpose of compelling appearance of the defendant. While the method of appearance differs in attachment proceedings from the appearance in ordinary actions, yet the statutory remedy of domestic attachment is not available when ordinary service of process can be had. For domestic attachment to be available the defendant must, by the Statute, have so conducted himself by "absconding" or otherwise making himself unavailable for the service of ordinary process.

In effect, the application of the plaintiff seeks to make the "lis pendens" doctrine applicable to an ordinary action seeking the recovery of money and without reference to any real estate, negotiable instrument, or to any particular res. This I think cannot be done.

The motion of the plaintiff for an attachment must be denied. An appropriate order may be submitted.