505 F.Supp. 54 (1980)
Robert SINGLETON, Plaintiff,
v.
Robert HOESTER et al., Defendants.
No. 80-1033C(4).
United States District Court, E. D. Missouri, E. D.
December 1, 1980.
*55 Robert C. Singleton, pro se.
Thea A. Sherry, Thomas W. Wehrle, Theodore R. Ginsburg, St. Louis, Mo., Jerry Short, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on defendants' separate motions to dismiss. For the reasons stated below, defendants' motions will be granted.
Plaintiff, a prisoner confined at the Missouri State Penitentiary in Jefferson City, Missouri, brings this action pro se under 42 U.S.C. § 1983, alleging that various acts of the individual defendants deprived plaintiff of unspecified constitutional rights.
The defendants now separately move this Court to dismiss plaintiff's complaint.

The defendant public defender
Plaintiff alleges that the defendant public defender violated plaintiff's civil rights under 42 U.S.C. § 1983. Plaintiff bases his allegations on two specific instances: (1) defendant, who was appointed to represent plaintiff in a probation revocation proceeding, refused to file a motion to dismiss the revocation action; and (2) defendant refused to file a motion to correct plaintiff's sentence entered in State of Missouri v. Robert Charles Singleton, Circuit Court of St. Louis County, No. 361836. The defendant *56 public defender moves for dismissal on three grounds: (1) failure to state a claim upon which relief may be granted; (2) immunity from suit for damages under § 1983 for acts done in the performance of her judicial function; and (3) immunity under the eleventh amendment to the United States Constitution as an employee of the State of Missouri from suit for damages or other relief in federal court.
A pro se complaint must be liberally construed. Haggy v. Solem, 547 F.2d 1363 (8th Cir. 1977). This Court cannot dismiss plaintiff's complaint unless it finds that plaintiff will be unable to prove any set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
To state a claim upon which relief may be granted under § 1983, plaintiff must allege that (1) he has been deprived of a federal right; and (2) the person who deprived him of that right acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).
Regarding plaintiff's first claim, that defendant's refusal to file a motion to dismiss the probation revocation action violated § 1983, plaintiff satisfies the requirement that said action be taken under color of state law. Dodson v. Polk County, 628 F.2d 1104, 1106 (8th Cir. 1980), holding that an attorney in a county or state-funded public defender's office acts under color of state law in representing indigent defendants.
However, this Court finds that plaintiff fails to allege any facts, even under the most liberal construction, which if proven, would establish the deprivation of a federal right. Conley v. Gibson, supra. On its face, the complaint states that plaintiff's probation was not revoked and therefore reveals that plaintiff suffered no injury as a result of defendant's conduct. The complaint rebuts any alleged deprivation of a federal right. Accordingly, defendant's motion to dismiss this claim will be granted.
Concerning defendant's failure to file a motion to correct plaintiff's sentence under State of Missouri v. Robert Charles Singleton, supra, this Court holds that the complaint fails to satisfy the Gomez v. Toledo, supra, standard and must be dismissed. The complaint reveals that defendant informed plaintiff that she had been appointed to represent plaintiff solely in the probation revocation proceeding. Because of the limited scope of defendant's authority to represent plaintiff, any action taken by defendant regarding correction of plaintiff's sentence, including the failure to file said motion, was outside the scope of defendant's authority and therefore not under color of state law. The defendant public defender's motion to dismiss this second claim will also be granted.
Because of the above disposition of the complaint, this Court finds it unnecessary to consider defendant's alternative grounds for dismissal relating to immunity.

The defendant circuit judge
The defendant circuit judge moves for dismissal of plaintiff's complaint as it relates to him on three grounds: (1) failure to state a claim upon which relief may be granted; (2) lack of subject matter jurisdiction; and (3) plaintiff's complaint is frivolous and malicious.
The sole allegation against the circuit judge is that he entered an order continuing plaintiff "on probation for another year or til the Court make amends." Even under the liberal standard of construction afforded a pro se complaint, this Court holds that plaintiff will be unable to prove any set of facts which would establish that the issuance of said order violated a federal right. Conley v. Gibson, supra.
Accordingly, the circuit judge's motion to dismiss for failure to state a cause of action will be granted.

The defendant NASCO employees and probation officer
Plaintiff names a probation officer and employees of the Narcotics Service Council *57 (NASCO) as defendants. These defendants move for dismissal of plaintiff's complaint for failure to state a claim upon which relief may be granted.
Although a pro se complaint is to be liberally construed, a complaint in a civil rights action must contain more than conclusory statements and a prayer for relief. Anderson v. Sixth Judicial District Court, 521 F.2d 420 (8th Cir. 1975). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain summary of the facts sufficient to give fair notice of the claim asserted. Means v. Wilson, 522 F.2d 833 (8th Cir. 1975), cert. denied, 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364 (1976).
Plaintiff's allegations, read in light of the above-stated requirements for pleadings, fail to satisfy the liberal standards afforded a pro se action. For example, the only allegations against defendant Steele are that: (1) he advised plaintiff "to report to the first floor (NASCO) where I [plaintiff] spoke with parol-pabation [sic] supervisor;" (2) that he received a phone call from defendant who advised plaintiff to wait at NASCO for defendant Walton; and (3) that Steele denied plaintiff's request to be placed on "out client status." The complaint fails to state in even broad terms the manner in which these acts, or the acts allegedly committed by the other defendants, violated plaintiff's civil rights. Plaintiff's allegations similarly fail to provide defendants with fair notice of the claims asserted. Accordingly, defendants' motions to dismiss will be granted.
Plaintiff filed with this Court on September 29, 1980, a Petition for a Writ of Habeas-Ad Testificandum and Amend Origenal Complaint [sic]. Plaintiff asserts in the petition that because of his incarceration at the Missouri State Penitentiary, he is at a "foremost inappropriately [sic] situation, to obtain legal access to his personal property, legal references and other various legal materials," so as to enable him to respond to defendant public defender's motion to dismiss.
"The issuance of a writ of habeas corpus ad testificandum lies in the exercise of sound judicial discretion." Murrey v. United States, 138 F.2d 94, 97 (8th Cir. 1943). In exercising that discretion, this Court must determine whether plaintiff's appearance and testimony are necessary for a resolution of defendant's motion to dismiss.
A motion to dismiss for failure to state a claim upon which relief may be granted challenges the facial sufficiency of a complaint. The complaint stands or fails solely upon the allegations contained therein and extraneous factors are irrelevant. Clear rules of law are applicable to determining the adequacy of a complaint alleging the deprivation of an individual's civil rights. Rule 12(b)(6), Fed.R.Civ.P. Therefore, plaintiff's appearance before this Court would not serve a useful function in the consideration of defendant public defender's motion to dismiss. Plaintiff's petition for a writ of habeas corpus ad testificandum will be denied.
Plaintiff's motion to amend the original complaint is in reality a motion to file a supplemental pleading and will be treated as such under the liberal standards of construction afforded pro se actions. The pleading is supplemental rather than amendatory because it alleges the deprivation of civil rights, i. e., the denial of access to personal property and legal materials, arising out of events occurring subsequent to the filing of the original complaint.
Rule 15(d) of the Federal Rules of Civil Procedure confers upon this Court the discretionary power to grant a motion to file a supplemental pleading. That rule also provides that "[p]ermission may be granted even though the original pleading is defective in its statement of a claim and relief or defense."
Plaintiff's supplemental pleading relates only indirectly, if at all, to the original complaint. The alleged deprivation arose out of an entirely unrelated set of facts. Furthermore, the allegations in the supplemental pleading relate to a new defendant, who was not implicated in the original complaint. *58 These factors, in addition to the dismissal of plaintiff's original complaint for failure to state a claim upon which relief may be granted, cause this Court to deny plaintiff's motion to file a supplemental pleading.