plaintiff's amended complaint must be dismissed.

In accordance with the foregoing,

IT IS HEREBY ORDERED that defendants' motion to dismiss be and is GRANTED.

IT IS FURTHER ORDERED that plaintiff's amended complaint, as amended by interlineation, be and is DISMISSED without prejudice at plaintiff's cost.

**TIFFANY INDUSTRIES, INC., Plaintiff,**

v.

**HARBOR INSURANCE COMPANY, Defendant and Third-Party Plaintiff,**

v.

**ALEXANDER GRANT & CO. and Sheldon Enger, Individually, Third-Party Defendants.**

No. 81–4033–CV–C–5.

United States District Court,
W. D. Missouri, C. D.

March 29, 1982.

---

**3.** Plaintiff cites *Juengel* for the proposition that even if it is without a prayer for actual damages here, it may still recover punitive damages based on an award of nominal damages. However, plaintiff misconstrues the result in *Juen-*

gel. In *Juengel* the court awarded plaintiff *actual damages* of $1.00. In this action plaintiff has *no claim* for actual damages. Thus *Juengel* is inapposite in this respect.

Cullen Coil, Jefferson City, Mo., for plaintiff.

Henry Andrae, J. Kent Lowry, Hendren & Andrae, Jefferson City, Mo., for defendants.

## ORDER AND MEMORANDUM

SCOTT O. WRIGHT, District Judge.

One third-party defendant, Alexander Grant & Co. ("Grant"), has moved to dismiss the third-party complaint of Harbor Insurance Co. ("Harbor") on the ground that Grant, as a partnership, is incapable of being sued under Missouri law. The other third-party defendant, Sheldon Enger, who is sued in his individual capacity and in his capacity as a former partner of the Grant partnership, also moves to dismiss the third-party complaint on multiple grounds. For the following reasons, the Court dismisses all third-party claims against Grant because Grant is not a legal entity which is amenable to being sued in any court in the State of Missouri and dismisses several, but not all, of the third-party claims levied against Enger.

### I.  *Procedural Background*

Tiffany has sued Harbor on the basis of a liability insurance policy which purportedly was issued by Harbor for the protection of the directors and officers of Tiffany. Tiffany has generally alleged that the insurance policy obligates Harbor to reimburse Tiffany for monies expended by Tiffany in its defense of actions taken by its directors and officers. Harbor purportedly has denied a claim made by Tiffany when Tiffany's executives were sued by investors, creditors and the Security and Exchange Commission.

After Tiffany brought suit in state court, Harbor removed the action to this Court and then filed third-party complaints against Grant and Enger. In its third-party complaints, Harbor seeks to be indemnified by the third-party defendants for any monies which it might be required to pay Tiffany on the ground that any negligent conduct of the third-party defendants in their performance of professional services for Tiffany was the proximate cause of Harbor being required to pay Tiffany under the insurance policy. While Grant resists the third-party complaint on the fundamen-

tal proposition that it is not amenable to suit in Missouri, Enger attacks the third-party complaint on more subtle grounds. He asserts (1) that an indemnity or contribution claim cannot be pled against a third-party defendant where the plaintiff's underlying cause of action is not founded on negligence; (2) that a claim for indemnification or contribution is impotent where the duties owed to the plaintiff by the purported indemnitee and indemnitor are not co-extensive; (3) that an accountant has no professional duty to exercise ordinary care to any person other than the person who contracted for his professional services or the person for whom the accountant specifically knows his services are being rendered; and (4) that Harbor is not an intended third-party beneficiary of any professional services contract entered into by Tiffany and Enger.

## II.  *Dismissal Theories*

A.  Complaint Against Grant as a Partnership.

■ Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue a partnership is to be determined by the laws of the state in which the District Court resides. *See also*, 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1564 (1976 & Supp. 1981). Under Missouri law, it is clear that Grant, as a partnership, is not an entity which is capable of being sued. *Want v. Leve*, 574 S.W.2d 700, 708 (Mo.App.1978); *Davison v. Farr*, 273 S.W.2d 500, 502–03 (Mo.App.1954). *Accord, Wolsum v. J.W. Bateson Co.*, 182 F.Supp. 879, 880 (W.D.Mo.1960). An action must be brought against the individual partners. *Farr, supra*, at 502–503.

■ Since Grant, as a partnership, cannot be sued in the state courts of Missouri, Harbor cannot sue it in this Federal forum. Thus, the third-party claims filed against Grant are dismissed.

B.  Appropriateness of an Indemnity or Contribution Third-Party Claim.

■ The first count of the third-party complaint against Enger seeks indemnity or contribution from Enger on the basis of his alleged negligence in the preparation of financial statements on which Harbor relied in issuing an insurance policy in favor of Tiffany directors and officers. The first count is ambiguously pled to the extent that a cause of action for joint tortfeasor indemnification is distinct from an action for negligent preparation of a financial statement against a single tortfeasor which is not in privity of contract with the underlying plaintiff. The case at bar does not involve two concurrent tortfeasors who can be treated according to their respective fault or responsibility. *See, Missouri Pacific R. Co. v. Whitehead & Kales*, 566 S.W.2d 466, 472 (Mo.1978). Tiffany has only sued Harbor for breach of contract. Missouri would only permit Harbor to seek indemnification or contribution from Enger on a tort theory where Harbor had been sued in tort by Tiffany. *Id.  See also, Porter v. Crawford & Co.*, 611 S.W.2d 265, 273 (Mo.App.1981). Since that has not occurred, Harbor's third-party claim for indemnification or contribution must be dismissed.

■ Harbor, however, may have a distinct cause of action against Enger on a theory of negligent preparation of a financial statement. *See, Aluma Kraft Mfg. Co. v. Elmer Fox & Co.*, 493 S.W.2d 378 (Mo.App.1973). The *Aluma Kraft* case stands for the proposition that Enger, as an accountant, could be found liable for the negligent preparation of a Tiffany financial statement where it could be shown that Enger knew that the financial statement prepared for Tiffany would be utilized by Harbor, that Enger knew the financial statement of Tiffany was being prepared for the purpose of persuading Harbor to issue an insurance policy, that Enger knew that Harbor would rely on the financial statement and that the financial statement was incorrect. *Id.* These are questions for the trier-of-fact.

·The *Aluma Kraft* case also makes clear that Harbor need not be in strict privity of contract with either Enger or Tiffany. *Id.* at 383. The remedy is the measure of damages resulting from the allegedly negligent

preparation of a financial statement. Though the measure of damages may, in fact, reflect the amount which Tiffany might recover from Harbor, as a legal matter, it is not an indemnification issue since there are no joint tortfeasors. Thus, the end result may be the same, but the legal theories compelling what might turn out to be similar results are distinct.

In order to do substantial justice under the Federal Rules of Civil Procedure, the Court construes Count I of the third-party complaint, for the purposes of these motions to dismiss, as stating a cause of action against Enger for the negligent preparation of a financial statement. Therefore, to the extent Count I of the third-party complaint states a cause of action against Enger for the negligent preparation of a financial statement, Enger's motion to dismiss Count I is denied.

C. Third-Party Beneficiary Claim.

Count II of the third-party complaint alleges that Harbor is entitled to indemnity or contribution from Enger because Harbor is a third-party beneficiary of the contract between Tiffany and Enger. Like Count I, Count II presents the Court with several ambiguities which must be resolved. While the third-party beneficiary theory sounds in contract, it appears to the Court that Harbor is, in essence, trying to state a cause of action based on Enger's negligent preparation of a financial statement. The Court believes that both Counts I and II can be characterized as inartful attempts by Harbor to plead a single third-party cause of action against Enger based on his purported negligent preparation of a financial statement. The Court, therefore, finds that Harbor has stated a single cause of action against Enger. To the extent that the third-party complaint attempts to plead a cause of action against Enger on any theory other than negligent preparation of a financial statement, those other purported causes of action are dismissed.

III

Accordingly, it is hereby

ORDERED that the third-party complaint against Grant is dismissed. It is further

ORDERED that all third-party complaints against Enger other than for negligent preparation of a financial statement are dismissed.