**999, a Corporation, Plaintiff,**

v.

**COX & COMPANY, a partnership, and Thomas J. Cox, an individual, Defendants.**

**No. S83–0160C(1).**

United States District Court, E.D. Missouri, Southeastern Division.

Nov. 23, 1983.

James F. Waltz, Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., for plaintiff.

Terrance J. Good, Lashly, Caruthers, Baer & Hamel, St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, Chief Judge.

This case is now before this Court on defendants' motions to set aside default and to dismiss, and plaintiff's motion for default judgment. Defendants contend that there is good cause, within the meaning of Rule 55(c) of the Federal Rules of Civil Procedure, for setting aside the default. Defendant Cox & Company contends that the complaint against it must be dismissed because under Missouri law, which is controlling by virtue of Rule 17(b) of the Federal Rules of Civil Procedure, it is not an entity which is capable of being sued in its own name. In addition, both defendants contend that plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff opposes defendants' motions and moves for a default judgment.

Plaintiff's cause of action arises out of its purchase of the Bee Cee Manufacturing Company (Bee Cee) in Malden, Missouri. Defendants were the accountants for Bee Cee and prepared certified financial statements and balance sheets for Bee Cee prior to its purchase by plaintiff. Plaintiff alleges, in two (2) counts, that the financial statements upon which it relied in purchasing Bee Cee were erroneous as a result of defendants' negligent failure to follow generally accepted accounting principles and defendants' gross negligence.

## I. MOTIONS TO SET ASIDE ENTRY OF DEFAULT:

Plaintiff's complaint was filed on June 20, 1983. On July 18, 1983, plaintiff requested that a default be entered and that it be granted a default judgment. A default was entered, but a default judgment has never been entered. On the same date, defendants filed their motions to dismiss.

The Sheriff of Butler County, Missouri, was appointed special process server when plaintiff's complaint was filed. On July 18, 1983, plaintiff filed a return of service which reflects that defendants were served on June 24, 1983. Because, under Rule 12 of the Federal Rules of Civil Procedure, defendants' answer or responsive motions were due twenty (20) days from service of the summons and complaint and because twenty (20) days from June 24, 1983, was July 14, 1983, defendants' responsive motions were in default by four (4) days. Defendants' motion to set aside the entry of default is based upon the circumstances surrounding service upon them.

Defendants contend that service was attempted upon them on Friday, June 24, 1983. Defendant Thomas J. Cox was not in the office when service was attempted. When Mr. Cox returned to his office he called the Sheriff's Office in Butler County to determine when someone could return to his office to serve the summons and complaint. No one was available so he made arrangements to pick up the summons and complaint himself on Monday, June 27, 1983. By affidavit Mr. Cox states that he did pick up the summons and complaint personally on Monday, June 27, 1983, but that he did not read the acknowledgment he signed. The acknowledgment apparently reflects a service date of June 24, 1983. Mr. Cox then forwarded the complaint to an attorney by the name of Jasper N. Edmundson, who in turn forwarded it to attorney for defendants, Terrence J. Good, by a letter dated June 28, 1983.

Upon receipt of the complaint, Mr. Good, according to his affidavit, called Mr. Edmundson to determine when service was accomplished. Mr. Edmundson thought it was a few days before he sent the complaint to Mr. Good, but was not certain of the exact date. Mr. Good then telephoned

Mr. Cox who informed him that he picked up the complaint on Monday, June 27, 1983. In support of Mr. Good's assertion of his good faith belief that service was made on June 27, 1983, he has submitted a copy of his copy of the complaint bearing his hand-written note that service was made on June 27, 1983, and a copy of a page from his day book bearing the notation "Response due 999 on Monday [July 18, 1983]". It is not disputed that Mr. Good was not given notice of plaintiff's intention to move for entry of default, nor that defendants were actually in default on July 18, 1983.

Plaintiff contests defendants' version of the facts with respect to when Mr. Cox personally picked up the summons and complaint at the Sheriff's Office. Plaintiff has submitted the affidavit of Marcy Hoxworth, Deputy Sheriff of Butler County. She states that Mr. Cox picked up the summons and complaint at the Sheriff's Office on June 24, 1983, not on June 27, 1983, and that June Baumgardner was a witness. In light of Ms. Hoxworth's statements, defendants requested a hearing on the factual dispute. Because this Court is of the opinion that defendants are entitled to an order setting the entry of default aside, even if plaintiff's factual contentions are true, it is not necessary to hold a hearing. Accordingly, this Court assumes, arguendo, that Mr. Cox picked up the summons and complaint on Friday, June 24, 1983.

■ Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default...." *Fed.R.Civ.P.* 55(c). It is axiomatic that a motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of this Court. 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 2693 (1983). The standard for setting aside an *entry* of default is less rigorous than the "excusable neglect" standard for setting aside a default *judgment* pursuant to Rule 60(b). *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981) (cases cited therein). The parties are in agreement that "the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Id.* at 277 (citations omitted).

■ This Court is not convinced that defendants' default was willful. Plaintiff does not contend that defendants' counsel knew or should have known that defendants were in default. The actual return of service was not filed by plaintiff until July 18, 1983, when plaintiff moved for entry of default. Therefore, a review of the Court file would not have given defendants notice that they were in default. There is also no suggestion that the belief of defendants' counsel that the date of service was June 27, 1983, was anything but an honest, good faith belief. Mr. Good relied on the statement of his client and plaintiff does not suggest that Mr. Good had any reason to suspect that Mr. Cox's statement was erroneous or false. Neither does plaintiff suggest that Mr. Cox acted willfully in informing Mr. Good that he picked up the summons and complaint on June 27, 1983. At best plaintiff suggests that Mr. Cox was mistaken—not that he made a knowing or willful misstatement of fact. Plaintiff does contend that defendants' counsel could have determined the actual return date by calling either the Sheriff's Office or plaintiff's counsel. But plaintiff does not point to any fact, of which Mr. Good had knowledge, that would have given Mr. Good a reason to suspect that Mr. Cox was wrong or to investigate further. Finally, defendants' prompt action upon discovering that they were in default is further evidence that the default of defendants and the actions of their counsel was not willful.

■ Plaintiff, in its *Memorandum In Opposition To Defendant's (sic) Motion To Set Aside Default*, does not even attempt to argue that it will be prejudiced by setting aside the entry default. Defendants were only four (4) days late in filing their responsive motions. Discovery has not occurred yet and the case has not been set for trial. Moreover, there is no indication in the record that the delay caused by

defendants' default has resulted or may result in the loss of evidence, that discovery has become more difficult, or that the ability of plaintiff to recover on any eventual judgment or remedy has been thwarted. *See* 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 2699 at 536–37 (1983). Therefore, plaintiff will not be prejudiced by setting aside the entry of default.

█ In support of defendants' argument that they have meritorious defenses to plaintiff's action, defendants point to the grounds raised in their motions to dismiss. In addition, defendants contend that the financial statements in question are accurate, that said documents were prepared in accordance with generally accepted accounting principles, and that plaintiff was aware of the financial condition of Bee Cee when it purchased Bee Cee. Defendant Thomas J. Cox also submitted an affidavit in which he states, in part:

> 4. The audit reports prepared for Bee Cee Manufacturing Co., Inc. are to the best of his knowledge and belief accurate and prepared in conformance with generally accepted accounting principles. A building located in Parsons, Kansas was not listed as an asset or liability on said reports because obligations on that building had been assumed by a third-party and Bee Cee did not have title thereto.

*Affidavit of Thomas J. Cox* at 2. In response, plaintiff submits the sworn statement of H. Perry Dahm, President of Bee Cee, that the building referred to by Mr. Cox was a contingent liability of Bee Cee, that the financial reports were not prepared in accordance with generally accepted accounting principles, and that said reports did not accurately reflect the assets and liabilities of Bee Cee.

At least one court has recognized that "there is no universally accepted standard among courts as to what satisfies the requirement that a party show a meritorious defense." *Trueblood v. Grayson Shops of Tennessee, Inc.*, 32 F.R.D. 190, 196 (D.C. Va.1963) (discussed in 10 Wright, Miller & Kane, *Federal Practice and Procedure:*

*Civil* § 2697 at 528–29 (1983)). Some courts insist upon a showing that there is a factual basis for the allegedly meritorious defense. 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil* § 2697 at 529 (1983). Others accept the assertion of a defense by way of motion or affidavit. *Id.* at 530. Despite the lack of agreement as to the correct standard, "[t]he underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* at 531.

This Court is convinced there is a possibility that the outcome of the case at bar, whether by motion or trial on the merits, will be contrary to a judgment for plaintiff. The affidavits submitted by the parties suggest that there are serious questions as to whether the financial statements are accurate, whether they were prepared in accordance with generally accepted accounting principles, and whether plaintiff in fact relied on the accuracy of said statements. Finally, this Court's disposition of defendants' motions to dismiss is proof positive that defendants have meritorious defenses to plaintiff's action.

Accordingly, defendants' motion to set aside the entry of default be and is granted and said entry of default be and is set aside. Plaintiff's motion for entry of default judgment is denied.

## II. MOTIONS TO DISMISS:

Defendant Cox & Company moves to dismiss plaintiff's complaint on the ground that, under Missouri law, defendant Cox & Company, a partnership, is not capable of being sued in its own capacity. *Fed.R. Civ.P.* 17(b). In addition, both defendants move to dismiss plaintiff's complaint because it fails to state a claim upon which relief can be granted. *Fed.R.Civ.P.* 12(b)(6).

█ In passing on a motion to dismiss, this Court is required to view the allegations of the complaint in the light most favorable to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d

90 (1974); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint must allege facts, which if true, state a claim as a matter of law. *Singleton v. Hoester*, 505 F.Supp. 54, 57 (E.D.Mo. 1980); 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1357 (1969). A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 102.

■ Rule 17(b) provides that the capacity of unincorporated associations to sue or be sued "shall be determined by the law of the state in which the district court is held," subject to two (2) exceptions not applicable here. *Fed.R.Civ.P.* 17(b). It is clear that under Missouri law, a partnership is not capable of being sued in its own name. *Tiffany Industries v. Harbor Insurance Company*, 536 F.Supp. 432, 434 (W.D.Mo.1982) (cases cited therein). An action must be brought against the individual partners. *Id.*

Defendant Cox & Company's motion to dismiss under Rule 17(b) is granted because plaintiff has sued the partnership of Cox & Company in its own name and said partnership lacks the capacity to be sued in its own name in Missouri. Accordingly, to the extent that plaintiff's complaint seeks recovery from Cox & Company, it is dismissed.

■ In Missouri a plaintiff may maintain a malpractice action against an accountant even though the plaintiff is not in privity with the defendant-accountant. *Aluma Kraft Manufacturing Company v. Elmer Fox & Company*, 493 S.W.2d 378, 385 (Mo. App.1973). *See also, Tiffany Industries v. Harbor Insurance Company*, 536 F.Supp. 432, 434–35 (W.D.Mo.1982); *J. Louis Crum Corporation v. Alfred Lindgren, Inc.*, 564 S.W.2d 544, 551 (Mo.App.1978). *Aluma*, following the weight of authority, held that an accountant may be liable for negligence to one not in privity with him where: "the accountant knows the audit is to be used *by the plaintiff* for its benefit and guidance, or knows the recipient intends to supply the information to prospective users, *such as the plaintiff here.*" *Aluma*, 493 S.W.2d at 383 (emphasis added). The complaint in *Aluma* alleged that the defendant-accountant *knew* that plaintiff was going to use the audit. It is clear from dicta in the Court's opinion, especially its discussion with approval of the rule in other jurisdictions, that Missouri courts would also allow an accountant to be liable to a third-party who lacks privity with the accountant, where it is alleged that the defendant "knows that the recipient of the audit intends to supply [the statements] to a *limited class of persons ...,*" of which plaintiff is a member. *Id.* at 382 (emphasis added). However, it is equally clear that Missouri courts would not allow such liability to extend to a general class of third-parties. Where the allegedly negligent party does not know that plaintiff intends to rely on the information or that plaintiff is a member of a limited class of potential users, then the reasons for requiring privity, namely to prevent excessive and unlimited liability and to preserve freedom of contracting, are compelling. *Id.*

■ In the case at bar, plaintiff alleges that defendants prepared the financial statements in question "with the knowledge that said balance sheets would be used by [Bee Cee] *to provide financial information to third parties* which said information would be relied upon by such individuals and firms to evaluate the financial condition of [Bee Cee]." *Plaintiff's Complaint* at ¶ 6, Count I (emphasis added). Defendants argue that this allegation is insufficient to state a claim for negligence because "[p]laintiff wholly fails to place itself in a limited class of foreseeable third-parties." *Memorandum In Support of Motion to Dismiss* at 3.

This Court agrees with defendants' contention that plaintiff's complaint fails to state a cause of action for negligence or gross negligence. Plaintiff fails to allege, or make any allegation from which it could be inferred, that defendants knew that Bee Cee would provide the information to a particular limited class or, more important-

ly, that plaintiff was a member of that limited class. The purpose of the rule in *Aluma* is to prevent accountants from being held liable to the public at large—to assert liability a plaintiff must bring himself within a limited, foreseeable class. To allow plaintiff's complaint to stand would undermine the purpose of *Aluma* and would be tantamount to extending defendants' liability to every person, regardless of foreseeability, who in fact relied on the statements in question.

The allegations of plaintiff's complaint are distinguishable from those in *Merit Insurance Company v. Colao*, 603 F.2d 654 (7th Cir.1979), where similar allegations were held to be sufficient to state a claim against several accountants for negligence. In *Merit*, the plaintiff insurance company alleged that the accountants " 'knew or should have known that its certified financial statements would be used by third persons *such as plaintiff* as a basis for business decisions involving [the audited company].' " *Id.* at 659 (emphasis added). The court held that "the complaint was sufficient to withstand defendants' challenge that the complaint was defective for want of facts showing that they knew of a limited class that might rely on the audit report." *Id.*[1] The emphasized language is absent from plaintiff's complaint in the case at bar and its absence fails to place plaintiff within a limited class of plaintiffs whom defendants knew would rely on the financial statements.

Accordingly, defendants' motions to dismiss be and are granted and plaintiff's complaint be and is dismissed without prejudice.

---

**1.** Although *Merit* was applying Illinois law, the Illinois law of accountants' liability to third-parties who lack privity is the same as that of Missouri. *See Rozny v. Marnul,* 43 Ill.2d 54, 250 N.E.2d 656 (1969).