**Raymond B. NOTTINGHAM, Plaintiff,**

v.

**Mark PEORIA, et al., Defendants.**

**Civ. No. 88–0428.**

United States District Court,
M.D. Pennsylvania.

Nov. 1, 1988.

Raymond B. Nottingham, pro se.

Fred Martin, Asst. U.S. Atty., Lewisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Currently before the court are plaintiff's motion to supplement his complaint pursuant to Fed.R.Civ.P. 15(d), *see* document 21 of record, defendants' motion to dismiss or, in the alternative, for summary judgment, *see* document 15 of record, and defendants motion for a protective order to stay discovery pending decision on their dispositive motion. For reasons that follow, the court will deny plaintiff's motion to supplement his complaint, will grant defendants' motion for summary judgment, and will dismiss defendants' motion for protective order as moot.

## BACKGROUND

Plaintiff, an inmate at U.S.P.–Lewisburg, Pennsylvania, filed the above-captioned *Bivens* action pursuant to 28 U.S.C. § 1331 on March 22, 1988. *See* document 1 of record. In his complaint, plaintiff alleges that the defendants have violated his con-

stitutional rights under the fifth and eighth amendments by housing him in a cell with a cellmate who, like plaintiff, is a chronic carrier of the Hepatitis B virus and by housing plaintiff on a floor of the facility on which "mental medical patients, AIDS Virus victims, and practicing homosexuals" reside. *See id.*

On August 22, 1988, defendants filed a motion to dismiss or, in the alternative, for summary judgment, *see* document 15 of record, and a motion for a protective order staying discovery pending resolution of their dispositive motions. *See* document 16 of record. On September 1, 1988, plaintiff filed opposition to defendants' dispositive motion, *see* document 20 of record, opposition to defendants' motion for a protective order staying discovery, *see* document 19 of record, and a motion to supplement his complaint pursuant to Fed.R.Civ.P. 15(d). *See* document 21 of record.

By Order of this court dated September 16, 1988, plaintiff's request for additional time to file a more appropriate response in opposition to defendants' dispositive motion was granted. *See* document 26 of record. Plaintiff filed his response on October 7, 1988. *See* document 29 of record.

Defendants responded to plaintiff's motion to supplement his complaint pursuant to Fed.R.Civ.P. 15(d) on September 22, 1988. *See* document 38 of record. The time for the parties to file replies to the opposition to their respective motions has passed without further submission. Thus, these motions are now ripe for disposition.

## DISCUSSION

### I. Plaintiff's Motion To Supplement His Complaint

■ An application for leave to file a supplemental pleading, like an application for leave to amend a complaint, is addressed to the sound discretion of the trial court. *Bates v. Western Electric*, 420 F.Supp. 521, 525 (E.D.Pa.1976). Factors to be considered by the court include the promotion of a justicable disposition of the case, the delay or inconvenience the allowance of such a pleading will cause, and the

prejudice to the rights of the parties to the action. *Id., See also* Wright and Miller, *Federal Practice and Procedure* § 1509 at 542–43. Additionally, a court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out an entirely unrelated set of facts and related to a defendant not implicated in the original complaint. *Singleton v. Hoester*, 505 F.Supp. 54, 57 (E.D.Mo.1980); *Brown v. Consolidated Fisheries Co.*, 17 F.R.D. 86, 87 (D.Del.1954).

■ In the present case, plaintiff seeks to supplement the original complaint by adding three new defendants to the action. Plaintiff bases his claim against these defendants upon an allegation that the three denied him due process by remanding him to administrative custody. *See* documents 21 and 23 of record. The alleged deprivation occurred on August 12, 1988, almost five months after the original complaint was filed. In addition, only one of the original defendants' names, Leroy R. Blanks, appears in plaintiff's motion and only in the form of a vague allegation that defendant Blanks has promoted "a continual flow of willful civil and constitutional violations." *See* documents 21 of record.

Defendants argue that to allow plaintiff to amend his complaint would deprive the three defendants named in the original complaint of the right to a prompt disposition of the case. *See* document 18 of record. The alleged deprivation of due process contained in the supplemental complaint, defendants contend, can more easily be resolved in a separate law suit. *Id.*

After careful consideration of the factors outlined above, the court has decided to deny plaintiff's motion to supplement his complaint. This denial is based upon the court's view that allowing plaintiff to add this supplemental pleading to the instant action would do nothing to promote a justicable disposition of the case and would cause undue delay to the original defendants in the prompt resolution of this action. In light of the fact that plaintiff's supplemental pleading names new defen-

dants and is based upon unrelated facts, its incorporation into the present action would not be appropriate. The court will therefore deny plaintiff's motion to supplement his complaint.

## II. Defendants' Summary Judgment Motion

Rule 12(c) of the Federal Rules of Civil Procedure provides, in part:

If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ...

Fed.R.Civ.P. 12(c). Defendants motion in the instant case was one for dismissal pursuant to Rule 12, or, in the alternative, for summary judgment. *See* document 15 of record. Affidavits and exhibits were submitted to the court along with defendants' motion. *Id.* Similarly, plaintiff submitted affidavits and exhibits with his response. *See* document 29 of record. The court has consulted these materials in reaching its decision. The court will therefore treat defendants' motion as a summary judgment motion and will not address defendants' arguments that the action should be dismissed under Rule 12.[1]

A court may only grant summary judgment where no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). A genuine issue exists only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If, however, the evidence is "merely colorable" or is "not significantly probative" summary judgment may be granted. *Id.* at 249–50, 106 S.Ct. at 2511.

A fact is material if it might affect the outcome of the suit under the governing law. *Id.* at 248, 106 S.Ct. at 2510. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citing 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2725, at pp. 93–95 (1983)).

In the present case, it is undisputed that plaintiff has been diagnosed by the prison medical staff as being a chronic carrier of the Hepatitis B virus. Moreover, the parties agree that plaintiff has been placed in a cell with another inmate deemed by the medical staff to be "medically compatible" with plaintiff. Finally, the parties do not dispute that plaintiff is housed in a portion of the prison in which other inmates who must be kept separate from the general population for medical reasons reside. *See* documents 1, 18, 20, 22, and 29 of record.

Plaintiff contends that his fifth amendment right to due process of law and his eighth amendment right to be free from cruel and unusual punishment have been violated by the conditions of confinement to which he was subjected by the defendants. The court will discuss each of these contentions separately.

### A. Fifth Amendment Claim

■ A liberty interest protected by the due process clause of the fifth amendment may arise from two sources—the due process clause itself and the laws of the United States. *Cf. Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). In the present case, plaintiff alleges that a liberty interest in being confined in a single cell arises from a provision of the Program Statement of the United States Bureau of Prisons (B.O.P. Program Statement).

■ Prison regulations which set out procedural standards in mandatory language have been held to create a liberty interest protected by the due process clause. *Hewitt*, 459 U.S. at 471–72, 103 S.Ct. at 871–72; *Drayton v. Robinson*, 719 F.2d 1214 (3d Cir.1983). Conversely, no protectible liberty interest is created by a regulation which accords prison officials

---

1. Thus, the court will not address defendants' argument that the action against defendant Kerstetter should be dismissed for failure to serve him as required by Fed.R.Civ.P. 4.

"unfettered discretion." *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 466, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981).

Whether the regulation is intended to limit the decision-making of prison officials or merely sets forth procedural guidelines for exercise of authority, depends in large part upon the language of the regulation at issue and the nature of the predicates if any. Use of explicitly mandatory language coupled with specific substantive predicates demands a conclusion that the particular regulation has created a protected liberty interest. *Hewitt,* 459 U.S. at 472, 103 S.Ct. at 871.

■ The provision of the B.O.P. Program Statement upon which plaintiff relies in the instant case deals with housing of inmates who have been diagnosed as chronic carriers of the Heptitis B virus. With relation to such inmates it provides, in pertinent part:

Single cell or room housing with private toilet facilities shall be assigned, if possible.

B.O.P. Program Statement 6000.2. *See* document 22 of record, attachment 1.

The language of this regulation plainly does not provide the type of explicitly mandatory language necessary to create a liberty interest which the due process clause protects. The regulation states that single housing "shall be assigned, if possible." This phrase provides a clear indication that the regulation contemplates the exercise of discretion by prison officials in determining whether assignment to such housing is "possible." Thus, this regulation does not place limits on the decision-making powers of prison officials sufficient to give rise to a liberty interest in plaintiff which the due process clause protects. The court will therefore grant summary judgment for the defendants on this issue.

### B. Eighth Amendment Claims

In order to establish a violation of the eighth amendment's prohibition against cruel and unusual punishment, plaintiff must demonstrate the existence of conditions which transgress "contemporary standards of dignity, civilized standards, humanity and decency." *Hutto v. Finney,* 437 U.S. 678, 685, 98 S.Ct. 2565, 2570, 57 L.Ed.2d 522 (citation omitted); *Riley v. Jeffes,* 777 F.2d 143, 145 (3d Cir.1985). In the present case, plaintiff claims that his eighth amendment rights were violated by the defendants in two ways. First, plaintiff contends that he was unconstitutionally double-bunked in a cell designed to house one inmate. Secondly, plaintiff complains that his medical condition has not been properly treated. The court will examine each of these claims.

### 1. Double–Bunking

■ In evaluating an eighth amendment claim based upon confinement, "a court must consider the totality of the circumstances relevant to any alleged constitutional deficiency in shelter." *Union County Jail Inmates v. DiBuono,* 713 F.2d 984, 1000 (3d Cir.1983) *cert. denied,* 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130 (1984). To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). More specifically, in order to constitute cruel and unusual punishment, conditions associated with double-bunking must involve the wanton or unnecessary infliction of pain or be grossly disproportionate to the severity of the crime warranting imprisonment. *Id.* at 347–48, 101 S.Ct. at 2399–2400.

■ The present plaintiff offers no evidence that the double-bunking to which he was subjected involved the infliction of wanton or unnecessary pain or transgressed contemporary standards of decency and humanity. Thus, plaintiff has failed to establish a genuine issue of material fact with regard to whether the double-bunking violated the eighth amendment. The court will therefore grant the defendant's motion for summary judgment on this issue.

### 2. Medical Care

■ A violation of the eighth amendment's prohibition against cruel and

unusual punishment based upon inadequate medical care can be established by a demonstration that prison officials were deliberately indifferent to a serious medical need of the prisoner. *Estelle v. Gamble* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *West v. Keve,* 571 F.2d 158, 161 (3d Cir.1978). A distinction must be made between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. *United States ex rel. Walker v. Fayette County,* 599 F.2d 573, 575 n. 2 (3d Cir.1979). "[F]ederal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* (quoting *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976)). Moreover, considerable latitude is to be given to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979).

 In his response to the defendants' motion to dismiss, or, in the alternative, for summary judgment, plaintiff does not claim that he was completely denied medical treatment. Instead, plaintiff disputes the diagnosis he has been given by the medical personnel at U.S.P.–Lewisburg. He contends, based upon his own medical research, that he does not exhibit the symptoms necessary to be diagnosed as a carrier of the Hepatitis B Virus. Thus, plaintiff contends, the medical treatment he has been afforded, including segregation, is not appropriate. *See* document 28 of record at pp. 10–17. These allegations clearly do not allege the type of deliberate indifference on the part of the medical staff necessary to demonstrate a constitutional violation. The court, mindful of the considerable latitude afforded prison medical personnel in such situations, will not second guess the medical judgments made in the diagnosis or treatment of plaintiff.

Plaintiff has failed to raise a genuine issue of material fact with respect to the medical treatment of his condition. The court will therefore grant summary judgment to the defendants on this issue.

## C. Defendant's Motion for a Protective Order

On August 22, 1988, defendants filed a motion for a protective order staying discovery until disposition of their dispositive motion. *See* document 16 of record. In light of the court's decision on the summary judgment motion, this motion will be denied as moot.

## CONCLUSION

For all the above reasons, plaintiff's motion to supplement his complaint is denied, defendants' motion for summary judgment is granted and defendants' motion for protective order staying discovery is denied as moot.

An appropriate Order will enter.

NOW, this 1st day of November, 1988, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to supplement his complaint pursuant to Fed.R.Civ.P. 15(d) is denied.

2. Defendants' motion for summary judgment is granted.

3. Summary judgment is entered in favor of the defendants and against the plaintiffs.

4. Defendants' motion for a protective order staying discovery is dismissed as moot.

5. Any appeal from this Order will be deemed frivolous, lacking in probable cause and not in good faith.

6. The Clerk of Court is directed to close this case.